# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3342

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District of |
| Lon Syhavong, a/k/a Lone, | * | South Dakota. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 9, 2004

Filed: May 7, 2004

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and COLLOTON, Circuit
    Judges.

_____

PER CURIAM.

A jury found Lon Syhavong guilty of conspiring to possess a controlled
substance with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1), 846, and
possessing a controlled substance with intent to distribute it in violation of 21 U.S.C.
§ 841(a)(1). On appeal Mr. Syhavong challenges the sufficiency of the evidence to

support his conviction and raises some issues with regard to his sentencing. For the reasons stated below, we affirm the judgment of the district court[1] in all respects.

## I.

We review the sufficiency of the evidence to sustain a conviction *de novo*, viewing all evidence in the light most favorable to the government and accepting all reasonable inferences that could support the jury's verdict. *United States v. Chapman*, 356 F.3d 843, 847 (8th Cir. 2004). Because a jury is free simply to disregard testimony as not credible, we review the verdict by ignoring any testimony that does not support the jury's decision and then asking whether the remaining evidence, taken in the light most favorable to the verdict, supports the decision. *Cf. Menendez-Donis v. Ashcroft*, 360 F.3d 915, 918 (8th Cir. 2004).

At trial, the government introduced three witnesses against Mr. Syhavong. The government's chief witness was a convicted methamphetamine dealer named Mark Roberts, who agreed to testify against Mr. Syhavong as part of a plea agreement. He stated that Mr. Syhavong "fronted" him methamphetamine to sell, allowing him to purchase the drugs on credit and then pay for them from the proceeds of subsequent sales. In cooperation with DEA agents, Mr. Roberts arranged a controlled buy with Mr. Syhavong. When the defendant arrived at the appointed place for the transaction, he had no drugs but was carrying a large amount of cash. During the trial, the government also introduced into evidence a notebook containing Mr. Roberts's shorthand record of drug transactions with Mr. Syhavong. The government's second witness was DEA agent Steve Hummel. In addition to testifying about the details of the sting operation against Mr. Syhavong, Mr. Hummel testified that the kind of "fronting" transaction described by Mr. Roberts was typical of the methamphetamine trade, as was the large amount of cash that Mr. Syhavong was carrying. Finally, after

---

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

Mr. Syhavong testified that he was a drug user, but not a drug dealer, the government called Mr. Erick Schmidt, who testified to seeing Mr. Syhavong sell drugs as well as to using drugs that Mr. Syhavong supplied.

On appeal, Mr. Syhavong focuses his argument on the unreliability of Mr. Roberts's testimony and on the alternative explanation offered for the cash by Mr. Syhavong and his brother, who also testified on behalf of the defense. These are clearly matters of credibility for a jury to determine that are unreviewable on appeal. Taken in the light most favorable to the verdict, there was clearly sufficient evidence to support Mr. Syhavong's conviction in the present record.

II.

Mr. Syhavong challenges his sentence on two grounds. He argues first that the sentencing judge incorrectly determined the quantity of drugs sold. At sentencing the government must prove the facts on which the sentence is based by a preponderance of the evidence, *United States v. Simmons*, 964 F.2d 763, 771 (8th Cir. 1992), *cert. denied*, 506 U.S. 1011 (1992), and we review the sentencing court's fact-finding for clear error, *id.* at 773. The heart of Mr. Syhavong's argument is that the district court relied on the testimony of Mr. Roberts at sentencing and that Mr. Roberts was an inherently unreliable witness. While there are reasons to doubt Mr. Roberts's testimony, credibility determinations, as we have already said, are the quintessential example of a factual determination entitled to deference on appeal. *Simmons*, on which Mr. Syhavong relies, is clearly distinguishable. In that case, we vacated the sentence where the sentencing judge simply stated that he was relying on the information in the presentence investigation report (PSR), which in turn was based on witness testimony, some of which the judge knew was perjured. *See id.* at 774-77. In contrast, the sentencing judge here explicitly stated that he was relying on the testimony of Mr. Roberts, which he deemed to be reliable.

-3-

Mr. Syhavong next argues that at sentencing the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A), which requires the court to verify that the defendant and the defendant's attorney have read and discussed the PSR. We conclude that even though the district court may have erred in not making an explicit inquiry into these matters, any error that was committed was harmless. *Cf. United States v. Williams*, 109 F.3d 502, 511 (8th Cir. 1997), *cert. denied*, 522 U.S. 917 (1997). Mr. Syhavong does not indicate how he was prejudiced by the failure of the district court to verify that he had read the PSR and discussed it with his attorney. In fact, he does not even allege that he and his attorney did not read and discuss the PSR. The transcript of the sentencing hearing reveals that Mr. Syhavong's attorney, at least, was thoroughly familiar with the PSR and vigorously argued on Mr. Syhavong's behalf. Furthermore, the attorney indicated that prior to sentencing he had met with his client to discuss the upcoming sentencing hearing. In his brief on appeal, Mr. Syhavong places special emphasis on the fact that he is illiterate and cannot understand English fully. At the hearing, however, Mr. Syhavong was provided with an interpreter, and the district court made extensive inquiries into her qualifications and fluency. The same interpreter was present at the defendant's pre-hearing meetings with his attorney. At the hearing, Mr. Syhavong reasserted his innocence and stated that he did not understand how he could be found guilty of drug dealing. He also stated, however, that he understood the nature of the sentence being imposed on him by the court, indicating that contrary to his assertions on appeal he understood the nature of the sentencing hearing. We detect no reversible error here.

## III.

Finally, Mr. Syhavong makes some conclusory allegations that the court failed to comply with Rule 32(i)(3)(C), which requires the sentencing court to append a record of its findings to the copy of the PSR that is made available to the Bureau of Prisons. He fails to cite to any relevant authority to support his argument, provides no concrete factual support for his claim, and alleges no prejudice. We therefore

reject this argument as without merit. If a mistake has occurred, Mr. Syhavong can make an application to the district court to correct it.

IV.

The judgment is affirmed.

_____