# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1524
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Joseph Krzyzaniak, also
known as Michael Joseph Crosby

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2012
Filed: January 8, 2013

_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Michael Joseph Krzyzaniak pleaded guilty to wire fraud and income tax evasion in violation of 18 U.S.C. § 1343 and 26 U.S.C. § 7201. Krzyzaniak admitted in a lengthy plea agreement that he conducted an eight-year scheme to defraud many persons by inducing them to invest more than $20 million in airport Internet terminals; a golf club development called "Palmwood" in Desert Hot Springs, California; an

alternative energy project in Colorado; and a race car track in Minnesota. At sentencing, the district court[1] determined the advisory guidelines sentencing range to be 121 to 151 months in prison. The government recommended a 120-month sentence, consistent with the plea agreement. Krzyzaniak requested a downward variance to 78 months. The district court sentenced him to 151 months in prison and ordered him to pay victim restitution of $25,959,781.95. Krzyzaniak appeals, arguing the court committed three procedural sentencing errors: (1) adopting an inaccurate loss calculation without making adequate findings, (2) inadequately explaining why it rejected his arguments for a downward variance, and (3) violating Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure by failing to confirm at sentencing that he had personally reviewed the PSR. He also argues the sentence is substantively unreasonable. We affirm.

*(1) Loss Calculation.* In determining Krzyzaniak's advisory guidelines range, the district court adopted Paragraph 33 of the Presentence Investigation Report (PSR), which found that the loss resulting from his offense "is at least $25,959,781.95 . . . the amount of money invested by the approximately 22 victims." This finding resulted in a 22-level increase in the base offense level. See U.S.S.G. § 2B1.1(b)(1)(L). On appeal, Krzyzaniak argues that the court erred by relying on an inaccurate loss calculation without resolving his factual objections, a prejudicial procedural error because the PSR had failed to reduce the amount of loss by "the fair market value of the [victims'] collateral," namely, the value of Palmwood land in which four investors acquired valuable interests as a result of the fraud. U.S.S.G. § 2B1.1, comment. (n.3(E)(ii)).

---

[1]The Honorable Michael J. Davis, Chief Judge of the United States District Court for the District of Minnesota.

We reject this contention because it was waived by the Plea Agreement that Krzyzaniak and his attorney signed on June 28, 2011. Paragraph 5 of that Agreement set forth stipulated guideline calculations for the wire fraud offense, which included:

> b. Specific Offense Characteristics. The parties agree the loss is at least $20,000,000 but does not exceed $50,000,000. For a loss of more than $20,000,000 but not more than $50,000,000, the base offense level should be increased by 22 levels. (U.S.S.G. § 2B1.1(b)(1)(L)).

"A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)." United States v. Barrett, 173 F.3d 682, 684 (8th Cir. 1999). Krzyzaniak argues that the Plea Agreement by its terms was not binding on the court, which could have made an independent loss determination. That is of course true; indeed, the court had discretion to vary from whatever advisory guidelines range resulted from its loss determination. But the district court's authority to reject or ignore the stipulated loss calculation does not affect the principle that Krzyzaniak is precluded from raising this issue on appeal.

Moreover, Krzyzaniak's contention that the district court ignored a proper objection to Paragraph 33 of the PSR is without merit. After reviewing the initial PSR, defense counsel noted various objections to the loss calculation, including failure to reduce the loss to certain victims by the value of their interests in Palmwood land. In response, the revised PSR reduced the loss calculation to nearly $26M but still did not take into account the value of the alleged Palmwood collateral. In a subsequent pre-sentencing memorandum, defense counsel stated that the PSR's loss calculation was "textually correct under the guidelines." Counsel argued for a

downward variance from the resulting advisory range in part because Krzyzaniak had granted the largest investors valuable security interests in the Palmwood real estate.[2]

At sentencing, the district court asked the parties if they objected to any fact statements in the PSR. Defense counsel responded, "Nothing that relates to sentencing, Your Honor." The court then asked if the parties objected to the advisory guidelines calculations in the PSR. Defense counsel answered, "The only objection we raised, Your Honor, is the two points for sophisticated means." Because Krzyzaniak did not object "with specificity and clarity" to the fact statements in the PSR relating to the fraud loss calculation, the district court was entitled to rely on those facts. United States v. Razo-Guerra, 534 F.3d 970, 976 (8th Cir. 2008). Counsel's statements that Krzyzaniak did not object to the PSR's fact statements and loss calculation "waived any claim that more was required procedurally." United States v. Collier, 585 F.3d 1093, 1096 (8th Cir. 2009).

*(2). Explanation of the Sentence.* Krzyzaniak next argues the district court committed procedural error when it failed adequately to explain why it rejected his request for a downward variance based on his advanced age and poor health, and his claim that the loss calculation overstated his criminal culpability. Because Krzyzaniak did not object at sentencing to the adequacy of the district court's explanation, we review for plain error. United States v. Lee, 553 F.3d 598, 600 (8th Cir. 2009). A district court's explanation must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." Rita v. United States, 551 U.S. 338, 356

---

[2]This was the proper way to raise the issue because Krzyzaniak had stipulated to fraud loss of more than $20,000,000, and the record contained no evidence establishing that Palmwood land was held as "collateral" within the meaning of the application note to § 2B1.1. (Krzyzaniak referred to his victims as "investors," not "lenders.") Of course, the value of an interest in this land might in any event reduce a victim's actual loss for restitution purposes, an issue not before us on this appeal.

(2007). The court's explanation is sufficient if the sentencing record taken as a whole demonstrates that the court considered the relevant factors. United States v. Gray, 533 F.3d 942, 944-46 (8th Cir. 2008).[3]

The contention in this case is without merit. At sentencing, the district court told Krzyzaniak it heard three victims "come forth and talk about the heartache and pain that they have gone through because of your criminal activities." Noting his long history of criminal fraud, the court added: "If you're not a sociopath, you're close to being one. You are willing to lie, cheat and steal and it does not affect you." The court's subsequent written Statement of Reasons explained its decision to impose a sentence at the top of the advisory range in greater detail. The "crime was especially serious" due to its extent and sophistication and because Krzyzaniak's "calculated greed devastated the lives of many victims." The court emphasized Krzyzaniak's long history of criminal fraud and deceit. "He has consistently committed crimes involving stealing and fraud since he was a young man. The Court has little hope that Defendant will become reformed after this, his third federal fraud conviction." The court specifically addressed Krzyzaniak's reasons for requesting a downward variance. It rejected the argument that he was less culpable than other defendants who caused comparable losses:

> The fact that [Krzyzaniak] did use some investor money to further the fraudulent projects is not a mitigating factor. He needed to put some money into the projects in order to attract additional investor money and keep current investors from pulling their money out. His ultimate purpose was to further enrich himself.

---

[3]In this author's opinion, because the requirements of 18 U.S.C. § 3553(a) apply to every sentencing and are well known, we should stop doing plain error review of this procedural issue. Failure to make a timely objection that gives the district court an opportunity to correct any deficiency should waive, not merely forfeit, the issue. See United States v. Deatherage, 682 F.3d 755, 763 n.4 (8th Cir. 2012).

The court acknowledged Krzyzaniak's age and poor health but explained that "these factors do not warrant a lower sentence." There was no error, much less plain error.[4]

*(3)  The Rule 32(i)(1)(A) Issue.*  Criminal Rule 32(i)(1)(A) provides that, at sentencing, the court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report."  Krzyzaniak argues the district court committed procedural error by addressing this inquiry only to defense counsel, and not to the defendant personally.  We have never required that this inquiry be addressed specifically to the defendant, rather than to defense counsel.  See United States v. Vargas, 88 Fed. App'x 970, 971 (8th Cir. 2004) (per curiam).  Here, it is clear -- from defense counsel's response to the court's inquiry at sentencing ("*We* have [reviewed the PSR], Your Honor"); from the nature of objections counsel made to background factual statements in the PSR; and from Krzyzaniak's lengthy letter to the district court before sentencing -- that he had personally reviewed the PSR and discussed it with counsel.  In addition, we reject this contention because Krzyzaniak does not allege that he had not read the PSR, nor does he explain how he was prejudiced by the court's alleged failure to ask whether he had.  See Fed. R. Crim. P. 52(a); United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000); United States v. Syhavong, 96 Fed. App'x 433, 436 (8th Cir. 2004) (unpublished); United States v. Ethridge, 168 F.3d 495 (table), 1998 WL 792467 (8th Cir. 1998) (unpublished).

The judgment of the district court is affirmed.

_____

---

[4]Based on the court's explanation of its decision, we also reject Krzyzaniak's distinct argument that the court abused its discretion by imposing a substantively unreasonable sentence.  The sentence is presumptively reasonable on appeal because it is within the advisory guidelines range.  As in Lee, 553 F.3d at 602, "We do not believe the reasons advanced by [Krzyzaniak] to support a more lenient sentence are sufficient to overcome the district court's wide discretion to select a sentence consistent with the Sentencing Commission's recommendation."

-6-