# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3229
_____

United States of America

*Plaintiff - Appellee*

v.

William Desmond Conrad

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: June 6, 2014
Filed: June 12, 2014
[Unpublished]
_____

Before LOKEN, MURPHY, and SMITH, Circuit Judges.
_____

PER CURIAM.

William Conrad pleaded guilty, pursuant to a written plea agreement, to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At the plea

hearing, the district court[1] accepted the guilty plea after Conrad repeatedly confirmed he was pleading guilty voluntarily. Prior to sentencing, Conrad sought substitute counsel and to withdraw his guilty plea. At the sentencing hearing, defense counsel advised that Conrad believed he and counsel had reached an "impasse" because counsel declined to file a motion to withdraw the plea on the ground that the Supreme Court's recent decision in Florida v. Jardines, 133 S. Ct. 1409 (2013), established that the search of Conrad's computer had violated his Fourth Amendment rights. The district court ruled that Jardines was not relevant to this case, denied substitute counsel and any motion to withdraw the plea, and sentenced Conrad to 151 months in prison with supervised release for life.

On appeal, newly appointed counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that only frivolous issues relating to Conrad's guilty plea and the denial of his request for substitute counsel could be raised on direct appeal. Conrad filed a *pro se* supplemental brief arguing that the search of his computer violated the Fourth Amendment; his guilty plea was not knowing and voluntary; the court violated Federal Rule of Criminal Procedure 11 by not letting him withdraw the plea and obtain substitute counsel; the statutes under which he was convicted are invalid and unconstitutional; his Guidelines sentencing range was miscalculated; and his sentence is excessive.

Having carefully considered the record on appeal, we conclude: (1) the court did not abuse its discretion in denying Conrad's request for substitute counsel because Jardines was not a valid basis to withdraw his guilty plea and the record showed the plea was knowing and voluntary, see Fed. R. Crim. P. 11(d)(2)(B); Martel v. Clair, 132 S. Ct. 1276, 1287 (2012) (motion to substitute); United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (motion to withdraw plea); (2) Conrad's valid plea forecloses

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

any direct appeal challenge to the search of his computer, see United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001); (3) Conrad may not challenge Guidelines calculations to which he stipulated in the plea agreement, see United States v. Krzyzaniak, 702 F.3d 1082, 1084 (8th Cir. 2013); (4) his sentence within the unobjected-to guidelines range is not substantively unreasonable, see United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009); and (5) his constitutional and jurisdictional challenges to the conviction and sentence are without merit. We decline to consider on direct appeal Conrad's ineffective-assistance arguments. See United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____