# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3769

_____

United States of America,

*Plaintiff - Appellee*,

v.

Billie Gene Batemon,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 12, 2014
Filed: April 10, 2015

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Billie Gene Batemon pleaded *nolo contendere* to one count of distributing cocaine base. The district court[1] sentenced Batemon to thirty-nine months' imprisonment. On appeal, Batemon raises arguments concerning the acceptance of

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

his plea and the conduct of his sentencing hearing. We conclude that there is no basis for relief and therefore affirm the judgment.

A grand jury charged Batemon with one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Batemon—represented by court-appointed counsel—pleaded *nolo contendere*, and the parties reconvened for a sentencing hearing. After calculating the advisory sentencing guideline range and considering the factors set forth in 18 U.S.C. § 3553(a), the court sentenced Batemon to a term of imprisonment.

Before the proceeding adjourned, Batemon spoke up and complained that his attorney had predicted a sentence of probation and failed to perform adequately. Batemon accused counsel of convincing him to plead guilty in order to receive a probationary sentence, and he declared himself innocent of the charged offense. Counsel denied the allegations, and the court relieved Batemon's attorney of his appointment based on Batemon's allegations. Insofar as Batemon's comments amounted to a motion, the court denied it and then closed the hearing.

On appeal, Batemon argues that the district court violated his constitutional right to the assistance of counsel when the court relieved Batemon's counsel of his appointment before the end of the sentencing hearing. Sentencing, of course, is a critical stage of a criminal proceeding at which an accused is entitled to the assistance of counsel, but the court already had imposed sentence in this case before counsel was relieved. Batemon contends that his comments to the court were a motion to withdraw his plea, and that he might have formulated the motion more effectively if assisted by counsel. Even assuming the colloquy after imposition of sentence was a critical stage, Batemon must show that any deprivation of counsel caused him prejudice. *See United States v. Blum*, 65 F.3d 1436, 1441-42 (8th Cir. 1995). Once the court imposed sentence, Batemon was forbidden by rule to withdraw his plea, Fed. R. Crim. P. 11(e); *United States v. Reyes-Contreras*, 349 F.3d 524, 525 (8th Cir. 2003) (per curiam), so

the absence of counsel could not have caused prejudice. Batemon does not identify any other way in which he might have been prejudiced by the court's post-sentencing decision to relieve counsel.

Batemon next contends the district court violated Federal Rule of Criminal Procedure 11(b)(1)(M) at the plea hearing. This rule requires the court to inform a defendant of, and to determine that he understands, "the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Batemon did not object to the plea procedure on this ground, so we apply the plain-error standard. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Batemon asserts that he pleaded *nolo contendere* because he thought he would receive a sentence of probation, and that proper advice under Rule 11(b)(1)(M) would have disabused him of this notion. The district court apparently did err by failing to provide the information required by rule, but Batemon has not established a reasonable probability that he would have proceeded to trial if the district court had satisfied Rule 11(b)(1)(M). The court did inform Batemon that he faced a maximum sentence of "not more than 20 years," and told Batemon pointedly that he may "get time in the federal correction institution." Batemon's attorney stated that he had reviewed the sentencing guidelines with Batemon, estimated where Batemon would fall in the guidelines, and explained to Batemon how the guidelines work "in a generalized way." Batemon confirmed counsel's representation in open court. These circumstances show that Batemon received notice that was comparable to the advice directed by Rule 11(b)(1)(M). The record undermines Batemon's contention that if the court itself had specifically listed the sentencing considerations described in the rule, then Batemon would have opted for a trial. We conclude that Batemon has not established a plain error that substantially affected his rights.

Batemon's last contention is that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) at sentencing by failing to verify that Batemon had read and discussed the presentence investigation report. At the hearing, the district court asked whether "both sides had all the time they need to review the presentence report," but did not ask specifically whether Batemon had read the report and discussed it with his attorney. Later in the hearing, after Batemon complained about counsel's performance, Batemon's attorney informed the court that he met with Batemon and "went over the presentence report." S. Tr. 12. This representation by counsel may have been sufficient to satisfy Rule 32 under the law of the circuit. *United States v. Krzyzaniak*, 702 F.3d 1082, 1086 (8th Cir. 2013). But if the district court nonetheless technically failed to comply with Rule 32(i)(1)(A), Batemon did not object to the procedure, and he has not shown that any error affected his substantial rights.

Batemon argues that he was prejudiced because the court's failure to verify whether Batemon himself reviewed the presentence report is "directly connected" to Batemon's mistaken belief he would receive a sentence of probation. Batemon does not explain, however, what additional steps would have been taken at sentencing if he had been enlightened about the likelihood of imprisonment. The record shows that Batemon's attorney raised several objections to the presentence report, one of which was resolved in Batemon's favor by reducing his criminal history category, and Batemon does not identify anything more that should have been done. We therefore conclude that any error under Rule 32(i)(1)(A) did not affect Batemon's substantial rights. *See Krzyzaniak*, 702 F.3d 1086; *United States v. Prado*, 204 F.3d 843, 845 (8th Cir. 2000).

The judgment of the district court is affirmed.

_____