# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3636

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Jay Blaine

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: August 9, 2016
Filed: August 15, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Joshua Blaine directly appeals after he pleaded guilty to being a felon in possession of firearms, and the district court[1] sentenced him to a

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

within-Guidelines-range term of imprisonment. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting an ineffective-assistance claim and arguing that the district court committed procedural sentencing errors and imposed a substantively unreasonable sentence. Mr. Blaine has filed a pro se supplemental brief in which he asserts arguments apparently related to a civil action he has filed.

To begin, we decline to address the ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in collateral proceedings, where record can be properly developed). As to counsel's assertions of procedural sentencing errors, we find no plain error. See United States v. Krzyzaniak, 702 F.3d 1082, 1085 (8th Cir. 2013) (reviewing for plain error when defendant did not object at sentencing to adequacy of explanation of sentence); see also United States v. Harlan, 815 F.3d 1100, 1107 (8th Cir. 2016) (approving consideration of defendant's failure to accept responsibility under 18 U.S.C. § 3553(a)); United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008) (in determining whether district court has considered relevant § 3553(a) factors, this court reviews entire sentencing record, not merely district court's statements at hearing). We also conclude that the court imposed a substantively reasonable sentence. See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable). We further note that Mr. Blaine's pro se arguments apparently related to a civil action are not cognizable in this direct criminal appeal.

Finally, we have independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____