# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2808

_____

United States of America

*Plaintiff - Appellee*

v.

Terry L. Sanders

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 5, 2018
Filed: April 11, 2018
[Unpublished]

_____

Before GRUENDER, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Terry Sanders challenges the order of the district court[1] revoking his supervised release and imposing a 20-month sentence. His

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

counsel has moved to withdraw, and has submitted a brief discussing the substantive reasonableness of the revocation sentence. Sanders has filed pro se briefs, arguing that the district court failed to explain adequately the revocation sentence, and challenging his underlying conviction and sentence.

Upon careful review of the record, we conclude that Sanders's revocation sentence was not substantively unreasonable, as the district court considered the 18 U.S.C. § 3553(a) factors, and there was no indication the court overlooked a relevant factor or committed a clear error of judgment in weighing the relevant factors. See United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (standard of review). We further conclude that the district court adequately explained its rationale for the revocation sentence. See United States v. Krzyzaniak, 702 F.3d 1082, 1085 (8th Cir. 2013) (district court's explanation is sufficient if record as whole demonstrates court considered relevant factors). We also reject Sanders's challenge to his underlying conviction and sentence. See United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009) (defendant may challenge validity of his underlying conviction and sentence through direct appeal or habeas corpus proceeding, not through collateral attack in supervised-release revocation proceeding). Accordingly, we grant counsel leave to withdraw, and we affirm. We also deny Sanders's appellate motion to correct the presentence report.

_____