# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2133

_____

United States of America

*Plaintiff - Appellee*

v.

Dimione Jamal Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 8, 2024
Filed: July 16, 2024
[Unpublished]

_____

Before SMITH, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dimione Jamal Walker appeals his within-Guidelines sentence of 120 months'
imprisonment for illegally possessing a sawed-off rifle, in violation of 26 U.S.C.

§§ 5841, 5845, 5861(c), 5861(d), and 5871. He argues that the district court[1] abused its discretion in imposing a substantively unreasonable sentence and ordering the sentence to be served consecutively to two undischarged state sentences. We affirm.

## I. *Background*

Walker has accumulated multiple state and federal firearm convictions in addition to a conviction for a gun homicide. On September 2, 2017, the Iowa City Police Department conducted a traffic stop on a vehicle in which Walker was the front-seat passenger. During the stop, officers removed the vehicle's occupants after the K-9 unit gave a positive alert. During a subsequent search, officers discovered a bag containing a .22 caliber rifle, an extended magazine, and twenty-one .22 caliber bullets in the vehicle's trunk. Both the barrel and the stock of the rifle had been shortened, making the overall length of the weapon approximately 20 inches. The vehicle's driver told officers that Walker placed the bag containing the weapon in the trunk. Walker admitted to knowing the weapon was inside the vehicle. The weapon was stolen.

A few months later, on December 7, 2017, Walker threatened a woman with a .40 caliber pistol during a dispute. After the dispute, Walker hid the weapon next to a restaurant. That weapon was also stolen.

On February 13, 2018, Walker was charged with illegally possessing the sawed-off rifle recovered during the September 2017 traffic stop. He was arrested in September 2019 and granted pretrial release. Walker pleaded guilty to the offense in January 2020 and remained on pretrial release while awaiting sentencing. But on March 5, 2020, Walker escaped from his pretrial release placement and absconded from supervision. A warrant was issued for his arrest.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

On September 4, 2020, in Cook County, Illinois, law enforcement observed Walker in possession of a handgun in his waistband. He was arrested and pleaded guilty to being a felon in possession of a firearm/use of a firearm, in violation of Illinois law. He was sentenced to two years' imprisonment. He was paroled on September 2, 2021.

On April 10, 2022, while still on parole for his state-law offense, Walker shot and killed a man in a club in Cedar Rapids, Iowa. He fired approximately eight shots at the man from point-blank range, striking him about six times. Following a jury trial, Walker was sentenced to life imprisonment for the homicide.

On January 17, 2023, Walker was transferred to the federal district court for sentencing for possessing the sawed-off rifle in September 2017. At sentencing, Walker did not dispute any facts alleged in the presentence investigation report (PSR), and the district court therefore relied on its unobjected-to facts.[2] The district court ultimately calculated Walker's offense level as 26, his criminal history category as VI, and his Guidelines range as 120 to 150 months' imprisonment. The applicable statutory maximum was 120 months, resulting in a Guidelines sentence of 120 months' imprisonment.

Walker requested a downward variance, arguing that "the average sentence for similarly situated defendants . . . is 64 months." R. Doc. 99, at 12. Although he acknowledged that "some aggravating factors" existed in his case, he asserted that "[h]e's already being punished at the highest level of punishment . . . because he is serving life without parole." *Id.* at 13. Walker requested that the district court run the federal sentence concurrently to his undischarged state sentences.

---

[2]Walker did object to the PSR's omission of a two-level reduction for acceptance of responsibility. The district court overruled the objection. Walker does not challenge this determination on appeal.

Before imposing Walker's sentence, the district court acknowledged its obligation to consider the factors contained in 18 U.S.C. § 3553(a). The district court noted that although it may not discuss each factor "in articulating the reasoning for [the] sentence," it had "considered each and every one of them." *Id.* at 17. The court then discussed the "very serious offense" for which Walker was being sentenced— "the possession of a very dangerous weapon." *Id.* The court also cited Walker's "dangerous conduct on the streets of Iowa City" when he threatened the woman with a .40 caliber pistol during a dispute. *Id.* "That conduct in and of itself," the court stated, "is incredibly serious and incredibly dangerous." *Id.*

The court then discussed Walker's absconding from pretrial release. The court noted that Walker "was given the opportunity to be in a place to get treatment and to be in the community, and [he] chose to leave that and to disregard the court's order on pretrial release." *Id.* at 18. Additionally, the court discussed Walker's "gun conviction in Illinois" and his "gun violence in Cedar Rapids." *Id.* "The fact that . . . those [events] happened while [Walker] was pending disposition of a federal gun crime [was] aggravating[] and . . . of concern to the [c]ourt." *Id.*

The court sentenced Walker to 120 months' imprisonment. The court acknowledged that this imprisonment term was "the most the [c]ourt c[ould] impose" but found "it . . . appropriate in this case." *Id.* The court commented that, had the statutory maximum been higher, it would have found Walker's case to be one in which "an upward variance would have been appropriate" due to the aggravating factors present. *Id.* The court acknowledged its "authority to vary downward" but found "that the facts and circumstances of the case, including the nature and circumstances of the offense and [Walker's] history and characteristics, [did] not warrant such a downward variance." *Id.* at 19.

The district court also ordered Walker's sentence to run consecutively to his undischarged Illinois sentence for possessing the handgun and his undischarged Iowa

sentence for murder. The district court found his offense to be "separate[,] serious conduct" and determined that "the sentence should reflect that by making it consecutive." *Id.*

## II. *Discussion*

On appeal, Walker argues that the district court abused its discretion in imposing a substantively unreasonable sentence and ordering the 120-month sentence to be served consecutively to his two undischarged state sentences.

### A. *Substantive Reasonableness*

Walker argues that the district court abused its discretion in sentencing him to the statutory maximum of 120 months' imprisonment because "[t]he [c]ourt failed to adequately consider that the average similarly situated defendant received a sentence for this offense of almost 50% less than the statutory maximum imposed on [him]." Appellant's Br. at 8.

"When we review a defendant's sentence to determine whether it is unreasonable with regard to the application of 18 U.S.C. § 3553(a), we apply a deferential abuse-of-discretion standard." *United States v. Canania*, 532 F.3d 764, 775 (8th Cir. 2008) (internal quotation marks omitted); *see also United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[S]ubstantive appellate review in sentencing cases is narrow and deferential." (internal quotation marks omitted)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (internal quotation marks omitted). The defendant "bears the burden to show that [his] sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Fairchild*, 819 F.3d 399, 413 (8th Cir. 2016) (internal quotation marks omitted). On appeal, we apply a presumption of substantive

reasonableness to a within-Guidelines sentence. *Feemster*, 572 F.3d at 461. "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464 (internal quotation marks omitted).

"The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010) (internal quotation marks omitted). "District courts need not specifically respond to every argument made by the defendant or mechanically recite each § 3553(a) factor." *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (internal quotation marks omitted). As a result, the sentencing "court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." *Anderson*, 618 F.3d at 883. "[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009). "[A] defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." *United States v. Campbell*, 986 F.3d 782, 800 (8th Cir. 2021).

The district court heard Walker's argument about *unwarranted* sentencing disparities but rejected it. While Walker's sentence was above average for the sentence imposed, Walker was far from an average offender. A review of the record shows that the district court's imposition of the 120-month sentence was not *unwarranted* in light of Walker's criminal history. *See* 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need to avoid *unwarranted* sentence disparities among defendants with *similar records* who have been found guilty of similar conduct . . . ." (emphases added)). Walker possessed a stolen rifle with a sawed-off barrel and a sawed-off stock. By its very nature, that firearm was "a very dangerous weapon." R. Doc. 99, at 17.

Approximately three months later, Walker "brandished a [stolen] .40-caliber Smith & Wesson" during a dispute with a woman. *Id.* Walker then absconded after pleading guilty to illegally possessing the sawed-off rifle. He was subsequently found to again be in possession of a firearm, for which he was imprisoned. Upon his release, Walker shot and killed a man in a club in Iowa. He fired approximately eight times at his victim from point-blank range. For that, he was sentenced to life imprisonment. The district court concluded that these aggravating factors outweighed any mitigating factors. Walker has not overcome the presumption of reasonableness of his 120-month sentence. The district court did not abuse its discretion in sentencing Walker to 120 months' imprisonment.

## B. *Consecutive Sentence*

Walker also argues that the district court erred in running the sentence consecutive to his undischarged terms on his state convictions. Walker argues that he "received th[e] worst case scenario sentence in spite of his timely guilty plea and in spite of the fact that he did not harm anyone in the instant offense." Appellant's Br. at 11. He maintains that the district court failed to "adequately consider the factors in [U.S.S.G.] § 5G1.3 in imposing this sentence. The [c]ourt's reason for the consecutive sentence was simply that it was 'separate[,] serious conduct.'" *Id.* (quoting R. Doc. 99, at 19). He asserts that the district court "grossly overpunishe[d]" him for the instant offense. *Id.*

"In any . . . case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(d). "In order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity, the court should consider the following" in determining whether to run the sentences concurrently or consecutively:

(i) The factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a));

(ii) The type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(iii) The time served on the undischarged sentence and the time likely to be served before release;

(iv) The fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(v) Any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 cmt. n.4(A). Although Walker argues that the district court failed to adequately address these factors, he "did not object at sentencing to the adequacy of the district court's explanation"; as a result, "we review for plain error." *United States v. Martin*, No. 21-3396, 2022 WL 2979769, at *2 (8th Cir. July 28, 2022) (unpublished per curiam) (quoting *United States v. Krzyzaniak*, 702 F.3d 1082, 1085 (8th Cir. 2013)). Under plain-error review, "[t]here must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (quoting *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc)).

The district court did not plainly err. The court heard argument from the parties on whether to impose a consecutive or concurrent sentence. *See* R. Doc. 99, at 13, 15–16. When imposing the 120-month sentence, the district court noted aggravating factors including the "very serious offense" Walker committed, his "possession of a very dangerous weapon," and his "dangerous [relevant] conduct" in brandishing the .40 caliber pistol. R. Doc. 99, at 17. The district court also noted Walker's criminal history before his offense of conviction, as well as his decision to abscond from pretrial release and his violent conduct while on the lam. And the district court was

not convinced that its 120-month consecutive sentence was sufficient—albeit the maximum it could impose under the law. The district court would have considered an upward variance if the law allowed. Ultimately, the district court agreed with the government that imposition of a consecutive sentence was necessary based on Walker's "separate[,] serious conduct." *Id.* at 19.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____