# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1390

_____

United States of America

*Plaintiff - Appellee*

v.

Juan A. Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 14, 2016
Filed: June 29, 2016

_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Juan Johnson appeals from a twenty-four month sentence imposed by the district court[1] following revocation of his supervised release. Johnson argues the district court committed procedural error and the sentence is substantively

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

unreasonable. He also appeals the district court's refusal to recuse from the case and attempts to bring a claim of ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Johnson pled guilty to wire fraud in violation of 18 U.S.C. §§ 1343 and 2 on July 27, 2011. On February 10, 2012, Johnson was sentenced to time served, followed by 3 years of supervised release, and was ordered to pay restitution in the amount of $74,724.02. During 2012, Johnson repeatedly violated the terms of his supervised release. His supervised release was again revoked on September 20, 2012, but he was given credit for time served and placed on a new period of supervised release for thirty months. Based on charges of domestic assault and assault on law enforcement officers that occurred on December 26, 2012, the United States Probation Office filed a violation report on December 27, 2012, and Johnson's supervised release was revoked for a third time that day. He was ultimately sentenced to twenty-four months imprisonment on February 4, 2015. Johnson appeals from this sentence.

On December 12, 2014, Johnson wrote a letter to his federal public defender and the court clerk, requesting new counsel and requesting the Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, be reassigned to his case. Johnson appeared in court for his final revocation hearing on December 18, 2014 before the Honorable M. Douglas Harpool. Judge Harpool inquired about Johnson's pro se letter, and Johnson expressed his belief that Judge Harpool was "prejudiced toward[] blacks." When asked why he believed such a prejudice existed, Johnson named one case and claimed other cases exemplified prejudice but that he could not list them at that time. Johnson also testified that he never consented to a reassignment of the case to a new judge despite the fact that, at a hearing on December 12, 2014, his federal public defender claimed Johnson

consented to such reassignment, causing him to no longer trust his attorney and to believe he received ineffective assistance of counsel. Judge Harpool treated Johnson's pro se letter as a motion, and overruled Johnson's motion for a change of judge and attorney, but continued the proceedings until February 2015 to allow Johnson the opportunity to file a new motion with details supporting his allegation of prejudice on the part of Judge Harpool.

Johnson did not file a subsequent motion in advance of the February 3, 2015 revocation hearing, which concerned violations of Johnson's term of supervised release prohibiting him from committing another federal, state, or local crime. Judge Harpool heard testimony concerning two assaults, one against Springfield police officers on December 26, 2012, and the other against Greene County Jail corrections officers on February 5, 2014. The Springfield police officers testified that they responded to a report of domestic violence at Johnson's residence. When they attempted to arrest Johnson, he began to resist very aggressively, attempted to run away, pulled the officers into a bathroom, swung a toilet plunger at one officer, and wrestled the officers into the living room. The officers used physical force, a taser, and mace, but were unable to subdue Johnson until backup officers arrived. By the time the officers successfully handcuffed Johnson, one officer suffered a hip injury from falling onto the hardwood floor and required medical treatment.

Johnson was incarcerated in the Greene County Jail following that arrest. An officer from the Greene County Jail testified about an altercation that occurred there on February 5, 2014. When the officer ordered Johnson to return to his cell, Johnson first threatened to "beat" the officer, then inflicted an "open-handed blow" to the officer as he refused to follow the officer's instructions. Five or six additional officers were required to subdue Johnson in the incident. At the revocation hearing, the government also played a surveillance video of the February 5, 2014 jail incident. Johnson's attorney argued Johnson resisted the December 2012 arrest because Johnson believed the arrest, based on probable cause rather than a warrant, was illegal

-3-

and that his behavior during the February 2014 incident did not satisfy the elements of assault. Johnson also made a statement denying the assaults. At the time of the revocation hearing on February 3, 2015, state charges of domestic violence, resisting arrest, and misdemeanor assault remained pending against Johnson.

The district court found, under United States Sentencing Guidelines ("U.S.S.G.") § 7B1.1, that Johnson committed Grade B violations on December 26, 2012, and Grade C violations on February 5, 2014, and revoked his supervised release. The district court noted that Johnson received a below-guidelines sentence for the wire fraud conviction and received a sentence lower than recommended when he violated the terms of supervised release on other occasions, then stated:

> So in the eyes of this Court, you've been given more benefits. And both times you immediately started violating your supervised release again and so apparently a below guideline sentence doesn't work with you. Getting a break doesn't help you, it just empowers you to continue to disregard the direction that you receive from the probation office and the direct officers of the City of Springfield and the corrections officers of Greene County. And while your race should in no way be relevant to the treatment you receive, nor should your race somehow empower you to some type of more favorable treatment, you should obey officers when they try to arrest you the same way anyone should. You should obey your corrections officers the way anyone should and you failed to do all of those things.

Given Johnson's criminal history, the range of imprisonment under the guidelines is fifteen to twenty-one months for a Grade A violation, six to twelve months for a Grade B violation, and four to ten months for a Grade C violation. U.S.S.G. § 7B1.4. The district court imposed a sentence of twenty-four months imprisonment with no supervised release to follow, and to run consecutive to any sentence Johnson received as a result of his then-pending state court charges.

-4-

II.

On appeal, Johnson asserts that the district court's imposition of twenty-four months imprisonment, consecutive to any state sentence, was procedurally insufficient and substantively unreasonable because the district court did not specifically recite the 18 U.S.C. § 3553(a) factors. "[A] sentence imposed upon revocation of supervised release is not a new punishment but rather 'relate[s] to the *original* offense.'" United States v. Richey, 758 F.3d 999, 1001 (8th Cir. 2014) (quoting Johnson v. United States, 529 U.S. 694, 701 (2000)). Thus, we review the district court's revocation sentencing decision "under the *same* 'deferential-abuse-of-discretion' standard that applies to *initial* sentencing proceedings." Id. (quoting United States v. Young, 640 F.3d 846, 848 (8th Cir. 2011) (per curiam)). This standard "requires us first to 'ensure that the district court committed no significant procedural error' and second, if there is no procedural error, to ensure the sentence was 'substantively reasonable.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Such an abuse of discretion "occurs if a sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Ceballos-Santa Cruz, 756 F.3d 635, 637 (8th Cir. 2014) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)).

The sentence imposed by the district court was both procedurally sufficient and substantively reasonable. Johnson argues the district court was unclear as to what grade of violation it found. Although the district court mentioned that the conduct was close to a Grade A violation, it plainly stated "I find that the defendant has committed B violations on December 26th and a C violation on . . . February 5th." Johnson's further arguments concerning the grade of violation found by the district court are foreclosed by this Court's precedent, in which we have held that "a district court may rely on a defendant's actual conduct rather than the offense to which he

-5-

pled guilty in classifying his supervised release violation under the sentencing guidelines." Ceballos-Santa Cruz, 756 F.3d at 637.

In its decision to revoke a term of supervised release and impose a sentence of imprisonment, the district court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). With respect to the district court's consideration of the sentencing factors, "[a] district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." White Face, 383 F.3d at 740. If it is evident the district court was aware of the relevant factors in imposing the sentence, we may affirm the sentence without specific findings on each factor. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). At the revocation hearing, the district court reviewed the past sentences of imprisonment and terms of supervised release imposed upon Johnson, then commented on the sentences' relative ineffectiveness in changing his behavior. The district court noted Johnson's repeated violations of the terms of his supervised release as well as multiple occasions on which Johnson assaulted law enforcement officers. Accordingly, we are satisfied that the district court properly considered Johnson's history, characteristics, and conduct, and affirm the procedural sufficiency of Johnson's sentence.

A district court's discretion to impose a prison sentence upon revocation of supervised release is limited by 18 U.S.C. § 3583(e)(3) and we will not disturb a sentence imposed under the statute absent an abuse of discretion. Perkins, 526 F.3d at 1110. The district court correctly found, and the parties each agreed at the revocation hearing, that the statutory maximum for Johnson's original offense of wire fraud was three years. See § 3583(b)(2), (e)(3). A twenty-four month revocation sentence therefore does not exceed statutory limitations. Here, the district court voiced well-founded concerns regarding Johnson's multiple violation reports and violence against law enforcement officers. In light of the goals of criminal sentencing

-6-

and supervised release, as well as the circumstances underlying the case, we find the sentence imposed was not substantively unreasonable.

Johnson further argues that the district court abused its discretion when it ordered the twenty-four month sentence to run consecutively to any state sentence Johnson may receive. Guideline § 7B1.3(f) provides that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." It is within the discretion of a district court to order that a federal sentence run consecutively to a yet-to-be-imposed state sentence. Setser v. United States, 132 S. Ct. 1463, 1468 (2012); United States v. Hall, No. 15-1405, 2016 WL 3144681, at *2 (8th Cir. June 6, 2016); United States v. Mayotte, 246 F.3d 797, 799 (8th Cir. 2001). Thus, the district court's order that Johnson serve the federal revocation sentence consecutive to a state sentence that had not yet been imposed constitutes no abuse of discretion.

Johnson also argues on appeal that the district court erred in failing to recuse from the case and allow another judge to be assigned to the matter. "We review a judge's refusal to recuse for an abuse of discretion." United States v. Oaks, 606 F.3d 530, 536 (8th Cir. 2010). Johnson's pro se letter, dated December 12, 2014, was insufficient to trigger the district court's recusal. In order to afford Johnson the opportunity to file an appropriate motion on the issue, the district court continued the proceedings from December 16, 2014 until February 3, 2015, but Johnson failed to file a subsequent motion or provide further details to support his allegation of bias or prejudice by Judge Harpool on any basis, including race. Further, Johnson did not file a legally sufficient affidavit, which is required to disqualify Judge Harpool from his case. See 28 U.S.C. § 144; Holloway v. United States, 960 F.2d 1348, 1354-55 (8th Cir. 1992). Judge Harpool did not abuse his discretion in declining to recuse himself from this case.

Finally, Johnson presents a claim of ineffective assistance of counsel, alleging that his attorney acted unethically when he addressed the issue of the reassignment of judges in Johnson's case and failed to present adequate evidence or object at the revocation hearing. However, this claim is not properly before this court as claims of this nature should be brought under 28 U.S.C. § 2255. Only in "exceptional cases" will this Court review claims of ineffective assistance of counsel on direct appeal. United States v. Sanchez-Gonzalez, 643 F.3d 626, 628 (8th Cir. 2011) (internal citations omitted). We consider a case to be an "exceptional case" if, after the relevant factual record has been fully developed, a failure to examine the claim on direct appeal would be a "plain miscarriage of justice," or trial counsel's alleged error is "readily apparent" to this Court. Id. at 628-29 (citing United States v. Hubbard, 638 F.3d 866, 869-70 (8th Cir. 2011)). The fact that Johnson's attorney agreed to the reassignment of a judge without his consent does not rise to the level of an "exceptional case." Therefore, we decline to review this issue on direct appeal.

## III.

For the foregoing reasons, we affirm Johnson's sentence.

_____