# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10813
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

versus

RIGOBERTO RODRIGUEZ,

> Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-16-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rigoberto Rodriguez appeals the 24-month term of imprisonment imposed on the second revocation of his supervised release ("SR"). He contends that the revocation sentence is substantively unreasonable.

Because Rodriguez did not object to the revocation sentence, our review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10813

is for plain error only, even though he requested a within-guidelines sentence in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To the extent that Rodriguez contends that *Whitelaw* and other decisions of this court, limiting review to plain error under such circumstances, are in conflict with other authorities, his theory is unavailing, because "[i]t is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Cardenas v. Thaler*, 651 F.3d 442, 445 (5th Cir. 2011) (per curiam) (quoting *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999)).

"A [revocation] sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (revocation case) (internal quotation marks and citation omitted). Under the applicable plain-error standard, Rodriguez further must show that such an error is clear or obvious and affects his substantial rights, in which case this court has discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 326–27, 332.

Rodriguez's primary contention, relying on *United States v. Miller*, 634 F.3d 841, 843–44 (5th Cir. 2011), and 18 U.S.C. § 3553(a)(2)(A) is that the district court erred by basing the sentence on the need to promote respect for the law; Rodriguez also asserts that the court improperly based its sentence on the need to provide punishment for his past criminal behavior. Viewed in its entirety, however, the record does not support a determination that the court relied on an impermissible factor. The court never used the § 3553(a)(2)(A)

phrase "promote respect for the law"; indeed, neither "promote" nor "respect" was uttered at the revocation proceeding. Although the court used the word "punishment" several times, it never stated the § 3553(a)(2)(A) phrase "just punishment." To the extent that it spoke of "punishment," it did so as a short-hand way of referring to the penalty that Rodriguez was to receive for having violated the terms of SR. "[T]he goal of revocation is to punish a defendant for violating the terms of the [SR]." *Miller*, 634 F.3d at 843. Further, although the court stated that Rodriguez had not learned that he had to comply with the law and follow the rules of society, it made such observations in connection with a recitation of Rodriguez's extensive criminal history and his history of SR violations.

This interpretation of the remarks is supported by the written judgment, which states that "the court considered all relevant factors set forth in 18 U.S.C. § 3553(a) that are proper for consideration in a revocation context." This interpretation is also supported by the court's statement at the hearing: "I'm convinced that the only sentence that would appropriately address your conduct and take into account the factors the Court should consider under [§] 3553(a) in a revocation context is the 24-month term of imprisonment." Assuming *arguendo* that there is a lingering ambiguity based on the court's remarks at the hearing, "[b]ecause [the defendant] did not object at sentencing and give the court an opportunity to clarify itself, we are unable to conclude that the court based his sentence on an impermissible factor." *United States v. Hernandez-Martinez,* 485 F.3d 270, 274 (5th Cir. 2007).

Rodriguez has not shown clear or obvious error. *See Warren*, 720 F.3d at 326–27. The judgment of sentence is AFFIRMED.