KELLY, Circuit Judge,
concurring.
“A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release.” United States v. White Face,. 383 F.3d 733, 740 (8th Cir. 2004) (citation omitted). But, “evidence that the court has considered the relevant matters and that some reason be stated for its decision” is required. Id.; see also Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (procedural error includes “failing to consider the § 3553(a) factors” and “failing to adequately explain the chosen sentence”). In this case, the district court provided the following explanation for its sentencing’ decision: “After consideration of the factors listed in 18 U.S.C, 3553(a), it’s the order of the Court that Mr. Henderson shall be committed to the custody of the Bureau of Prisons for 12 months with no supervised release to follow.” Of course, “[t]he appro *819 priateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances,” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Here, Henderson admitted the violations, neither party presented evidence, and the hearing lasted approximately ten minutes. Yet, while the parties agreed on the applicable advisory sentencing guideline range, they requested different outcomes: Henderson asked for a modification of his term of supervised release to include a stay at a halfway house, and the government asked for a within-guideline-range sentence with no supervision to follow.
“We presume that ‘district judges know the law and understand their obligation to consider all of the § 3553(a) factors,”’ United States v. Battiest, 553 F.3d 1132, 1136 (8th Cir. 2009) (quoting United States v. Gray, 533 F.3d 942, 943 (8th Cir. 2008)), and we do so with good reason. However, there must be sufficient evidence of that consideration on the record for appellate review. See, e.g., Rita, 551 U.S. at 344-46, 127 S.Ct. 2456 (court actively questioned defendant about the reasons for his request for downward departure before imposing sentence); United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016) (court reviewed past sentences and commented on their effectiveness pri- or to sentencing); United States v. Thunder, 553 F.3d 605, 608 (8th Cir. 2009) (sufficient discussion when court mentioned general § 3553(a) requirement and recited some of defendant’s history and circumstances of his offense); United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008) (explanation that “record speaks for itself’ sufficient when district court imposed both defendant’s original sentence and his revocation sentence). Because I believe the explanation provided in this case was insufficient, I would find that the district court made a procedural error in imposing Henderson’s sentence.
Neither party asked the district court for a more-detailed assessment of the statutory factors or a more thorough explanation for the sentence imposed, so we review the district court’s sentence for plain error. Applying plain error review, Henderson has failed to demonstrate that this error affected his substantial rights. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005). Because Henderson has made no such showing, I concur in the court’s judgment.