# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1881

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Short

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 11, 2019
Filed: March 19, 2020
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Marcus Short appeals the sentence imposed upon revocation of his term of supervised release, arguing the district court[1] erred by imposing the sentence to run

---

[1]The Honorable Richard G. Kopf, District Judge for the District of Nebraska.

consecutively to his state-court sentences. Because the district court did not abuse its discretion, we affirm.

In 2010, Short pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and was sentenced to 70 months of imprisonment, to be followed by three years of supervised release. Short's term of supervised release began on April 9, 2015. In February 2019, he was found guilty in Nebraska state court of first-degree murder, use of a weapon to commit a felony, and two counts of possession of a deadly weapon by a prohibited person. In April 2019, he was sentenced to life imprisonment on the murder conviction, 49–50 years on the use of a weapon to commit a felony, and 49–50 years on each count of possession of a deadly weapon, with all sentences to be served consecutively.

The government sought revocation of Short's term of supervised release, alleging six violations. At the revocation hearing in April 2019, Short admitted Allegation 1,[2] which alleged that he ran when an Omaha police officer identified himself and commanded Short to stop. When Short was eventually apprehended, the officer found, on Short's person, a digital scale with suspected cocaine residue. Short was arrested for obstruction and possession of drug paraphernalia. In state court, he was convicted of obstruction and fined; the possession charge was dismissed.

The uncontested advisory Guidelines range was 6–12 months with a statutory maximum of 24 months. The district court sentenced Short to 24 months' imprisonment. Short timely appeals, asserting the court imposed a substantively unreasonable sentence when ordering his federal sentence to run consecutively to his state-court sentences. We review for abuse of discretion the district court's decision

---

[2]The operative petition was a Third Amended Petition for Warrant or Summons. At the conclusion of the hearing, the First and Second Petitions, along with Allegations 2–6 in the Third Petition, were dismissed.

to order a consecutive sentence.  See United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016).

Short argues that, in imposing a consecutive sentence, the district court improperly focused on punishment for his state-court convictions rather than on the breach of trust inherent in failing to adhere to court-ordered conditions of supervision.  See United States Sentencing Guidelines Ch.7, Pt.A § 3(b) (2018) (sentences imposed for the violation of supervised release "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator").  But the record does not indicate that the district court relied on the underlying violation beyond "a limited degree."  Indeed, the district court specifically noted that one reason for the sentence imposed is because the federal system has "an independent interest of what the state courts do to ensure that people understand that there's a consequence to violating our conditions of supervised release."  We find no abuse of discretion in the district court's decision to impose the federal sentence to be served consecutively to Short's state sentences.[3]  See USSG Ch.7, Pt.B, intro. cmt. (the court "may order a term of imprisonment to be served consecutively or concurrently to an undischarged term of imprisonment.  It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation.").

The judgment of the district court is affirmed.

_____

---

[3]To the extent Short argues the district court improperly weighed the § 3553(a) factors, including his recent convictions, he points to no reversible error.