# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2671

_____

United States of America

*Plaintiff - Appellee*

v.

Ashkelon Barrett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 16, 2020
Filed: May 15, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.

_____

PER CURIAM.

In 2007, Ashkelon Barrett pleaded guilty to possessing a firearm as a prohibited person and distributing methamphetamine. See 18 U.S.C. §§ 922(g)(9) & 924(a)(2); 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). He served his 120 month sentence

and began an initial term of supervised release in 2016. In 2019, the district court[1] revoked Barrett's third term of supervised release and sentenced him to 18 months in prison with no additional supervised release. Barrett challenges his sentence and we affirm.

Barrett has had a difficult time on supervised release. In 2017, his first term of supervised release was revoked when he diluted a drug test, missed another, used marijuana, drank alcohol, and drove while intoxicated. He was sentenced to 18 months in prison. Barrett's second term was revoked four months after it began because he violated residential reentry center rules, failed to take drug tests, used alcohol, and lied to his probation officer. He served an additional 8 months in prison. After release in May 2019, he again violated the terms of his supervised release by possessing various contraband, riding in a car without permission, hollowing out cigarettes, and possessing a substance believed to be synthetic marijuana. He ultimately admitted to five violations. The court varied upward from the Sentencing Guidelines range of 7 to 13 months, and sentenced Barrett to 18 months in prison.

"We review a sentence imposed upon revocation of supervised release under a deferential-abuse-of-discretion standard." United States v. Demarrias, 895 F.3d 570, 572–73 (8th Cir. 2018) (citation omitted). "When revoking supervised release and imposing a new sentence, a district court should consider the factors set forth in [18 U.S.C.] § 3553(a)." Id. at 573. When a court varies upward, we assess the court's decision to vary and the extent of its variance for reasonableness. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper factor, or

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Demarrias, 895 F.3d at 573–74 (citation omitted).

Barrett first argues that his sentence contravenes the Guidelines's Chapter 7 introductory policy statement for supervised release violations by punishing him for new criminal conduct rather than his breach of trust. U.S.S.G. ch. 7, pt. A, introductory cmt. n. 3(b). The record says otherwise. At sentencing, after considering Barrett's criminal history, including his recent and repeated supervised release violations, the court rejected Barrett's claim that he could comply with the law by noting that he likely committed a new crime while on release. But, the court did not impose the revocation sentence because of new criminal conduct. Instead, the court sentenced Barrett based upon his contempt for the law while on supervised release and his incorrigibility. This was not an abuse of discretion.

Next, Barrett argues his sentence is substantively unreasonable because his likelihood of recidivism and criminal history, which were already accounted for by the Guidelines range, received undue weight. The court varied upward and refused to impose a *fourth* term of supervised release because Barrett's "pattern of violations show[ed] a high degree of recidivism." A court does not abuse its broad discretion when it varies upward after considering the § 3553(a) factors and concluding that supervised release would be futile. In fact, "[w]e have frequently upheld revocation sentences that varied upward from the advisory guidelines range because defendant was a 'recidivist violator' of supervised release conditions." United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019) (citation omitted). Barrett's sentence is affirmed.

_____