# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2037
_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lee Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: February 14, 2022
Filed: March 24, 2022
[Published]
_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.
_____

PER CURIAM.

In 2003, Gary Lee Smith was convicted of producing, transporting, and reproducing child pornography in violation of 18 U.S.C. §§ 2251(1)(a), 2252(a)(1), and 2252(a)(2). He was sentenced to 235 months in prison and five years of supervised release. *United States v. Smith*, 367 F.3d 748, 749 (8th Cir. 2004) (affirming conviction and sentence). In 2019, he began supervised release. After

violating the conditions of his release, the district court[1] revoked his supervision and sentenced him to three years in prison. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Smith believes the district court impermissibly lengthened his sentence so he could participate in a sex offender treatment program, in violation of *Tapia v. United States*. *See Tapia*, 564 U.S. 319, 335 (2011) (holding that "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation"). Because Smith did not raise this issue at sentencing, this court reviews for plain error. *See United States v. Holdsworth*, 830 F.3d 779, 785 (8th Cir. 2016) ("Many potential *Tapia* errors will not require remand under plain error review."). Plain error requires an error, that was clear or obvious, affected substantial rights, and seriously affects the "fairness, integrity or public reputation of judicial proceedings." *United States v. Barthman*, 919 F.3d 1118, 1120-21 (8th Cir. 2019).

At sentencing, the parties discussed treatment programs and whether a three-year sentence would be enough time for Smith to participate in one through the Bureau of Prisons (BOP). During allocution, Smith stated that he wanted "to get back into treatment" because "I believe that was helping me." But the district court made clear its sentence was imposed "notwithstanding" the treatment options. *See United States v. Werlein*, 664 F.3d 1143, 1147 (8th Cir. 2011) ("no plain *Tapia* error occurs where a district court never expresses an intention to lengthen a defendant's sentence for rehabilitative purposes" (cleaned up)). Rather, the court imposed the statutory maximum because Smith's violations showed he was not amenable to supervised release and posed a danger to children in the community. *See United States v. Replogle*, 678 F.3d 940, 943 (8th Cir. 2012) (holding no "obvious" *Tapia* violation where "[d]eterrence, respect for the law, and protection of the public were the dominant factors in the district court's analysis").

---

[1]The Honorable Brian C. Wimes, United States District Court Judge for the Western District of Missouri.

The court did not plainly err in discussing Smith's treatment options or recommending he be placed into a facility with a treatment program because the length of the sentence was not based on treatment or rehabilitative purposes. *See Tapia*, 564 U.S. at 334 (noting that a "court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs" and a "court may urge the BOP to place an offender in a prison treatment program").

Smith asserts his sentence is substantively unreasonable. This court reviews for abuse of discretion. *See United States v. Steele*, 899 F.3d 635, 638 (8th Cir. 2018). The district court considered the § 3553(a) factors—particularly the seriousness of the violations and the danger to the community—in imposing the sentence. Smith used unmonitored computers without permission, interacted with another federal sex offender also on supervised release and lied about it, repeatedly interacted with a 16-year-old girl and lied about it, failed to complete sex offender treatment, created two internet companies without permission, and possessed adult pornography. The court also considered that it was Smith's second violation of supervised release. *See United States v. Smith*, 960 F.3d 1107 (8th Cir. 2020) (upholding challenged condition of supervised release). The district court did not err in imposing the statutory maximum. *See United States v. Doe*, 516 Fed. Appx. 604, 605 (8th Cir. 2013) ("It is not unreasonable for a district court presented with an incorrigible defendant to impose a lengthy sentence and then discharge the defendant from supervision.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____