# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3135
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Charles Wind

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 14, 2022
Filed: May 19, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After Jeremy Wind admitted to violating the conditions of his supervised release, the district court[1] varied upward to sentence him to 18 months' imprisonment with a new term of supervised release to follow. Wind appeals,

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

arguing that the district court failed to provide an adequate explanation for the sentence and that the sentence is substantively unreasonable. We affirm.

## I.

In 2010, Jeremy Wind pleaded guilty to failure to register in violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a), and sexual abuse in violation of 18 U.S.C. § 2242(2)(B). He was sentenced to a prison term followed by a supervised release term.

Wind completed his prison term in January 2016 and began his supervised release term. In October 2016, the district court revoked Wind's supervised release due to Wind's violations of its conditions. The district court imposed a one-year revocation prison term. Wind was released from that revocation prison term in 2017. In 2018, the district court once again revoked Wind's supervised release due to violations of its conditions and sentenced him to another revocation prison term, this time followed by a new term of supervised release. Wind was released from custody in August 2019 and began the new term of supervised release. He violated the conditions of his supervised release in 2019 and 2020, resulting in yet another revocation prison term and a new term of supervised release. In September 2020, Wind began the new term of supervised release.

In September 2021, at another revocation hearing, Wind admitted to violating the conditions of supervised release again. The district court calculated an advisory sentencing guidelines range of 5 to 11 months' imprisonment. Defense counsel argued against a revocation prison sentence, citing Wind's difficult childhood and mental-health history. Wind's parents abused alcohol, and Wind has been diagnosed with fetal alcohol syndrome and related disorders. He also has been diagnosed with an intellectual disability but has been deemed competent for criminal proceedings. The district court imposed a revocation prison term of 18 months with a new term of supervised release. Wind appeals.

## II.

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions." *United States v. McGhee*, 869 F.3d 703, 705 (8th Cir. 2017) (per curiam). "We must first ensure that the court committed no significant procedural error, such as improperly calculating the sentence under the Guidelines, failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the reasons for the sentence imposed." *Id*. (internal quotation marks omitted). Where "the defendant did not object to procedural sentencing errors before the district court, they are forfeited, and therefore may be reviewed only for plain error." *Id*. (internal quotation marks omitted). "Once we are satisfied that the sentencing decision is free of significant procedural error, we consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." *Id*. at 706.

### A.

First, we address whether the district court committed a procedural error. Wind first argues that the district court failed to provide an adequate explanation for its sentence. Specifically, he argues that the district court committed a *Tapia* error by treating the prospect of rehabilitation in prison as a reason to extend Wind's term of imprisonment. *See Tapia v. United States*, 564 U.S. 319, 332 (2011). Wind also argues that the district court did not give due consideration to his intellectual disability. Wind claims that his disability diminishes his culpability, *see Atkins v. Virginia*, 536 U.S. 304, 318 (2002), "[a]nd such diminished culpability is . . . a highly pertinent fact for a sentencing court to consider when selecting what criminal penalty a court should impose." Additionally, according to Wind, "the district court had nothing to say about [his] disabilities" but instead "opined that a revocation prison sentence was the only option available." Though he does not frame them as such, these claims are procedural in nature. *See United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (explaining that, even though the defendant did not frame

-3-

his argument as such, his claim that the district court failed to provide an adequate explanation for its sentence was procedural in nature); *McGhee*, 869 F.3d at 705 (stating that "failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors" is a procedural error); *United States v. Straw*, 616 F.3d 737, 743-44 (8th Cir. 2010) (indicating that a district court's failure to consider a defendant's mental-health history is a procedural error).

Because Wind did not raise these claims before the district court, we review for plain error. *See United States v. Krzyzaniak*, 702 F.3d 1082, 1085 (8th Cir. 2013). There is no plain *Tapia* error where "the district court never expressed an intention to lengthen [the defendant's] sentence for rehabilitative purposes." *United States v. Blackmon*, 662 F.3d 981, 987 (8th Cir. 2011). Here, the district court did not express that intention. Although the district court observed the need for "stability" in Wind's life, it never suggested that it was lengthening Wind's sentence for rehabilitative purposes. *See United States v. Holdsworth*, 830 F.3d 779, 784-85 (8th Cir. 2016) (concluding that the district court's statement that "'two, three, four good years of sobriety and medication and stability' may be needed for the defendant's 'safety and the safety of the community'" did not constitute a *Tapia* error). Wind's "violations showed he was not amenable to supervised release." *See United States v. Smith*, 29 F.4th 397, 398-99 (8th Cir. 2022) (per curiam). The district court "considered the nature and circumstances of [Wind's] offense and his history and his characteristics" and found "that the sentence imposed reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the supervised release violation." *See United States v. Replogle*, 678 F.3d 940, 943 (8th Cir. 2012) (holding that there was no "obvious" *Tapia* error where "[d]eterrence, respect for the law, and protection of the public were the dominant factors in the district court's analysis" and the district court's reference to the defendant's treatment was "fleeting").[2] We

---

[2]18 U.S.C. § 3583(e) lists the sentencing factors district courts must consider when calculating a revocation prison sentence. It "references all of the sentencing factors in § 3553(a) with the exception of § 3553(a)(2)(A) ('the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense') and § 3553(a)(3) ('the kinds of

conclude that the district court's explanation of its sentence does not constitute plain error. *See Krzyzaniak*, 702 F.3d at 1085 ("A district court's explanation must set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." (internal quotation marks and brackets omitted)).

Second, Wind argues that the district court failed to consider Wind's intellectual disability. We disagree. "A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release." *United States v. White Face*, 383 F.3d 733, 740 (8th Cir. 2004). "If it is evident the district court was aware of the relevant factors in imposing the sentence, we may affirm the sentence without specific findings on each factor." *United States v. Johnson*, 827 F.3d 740, 745 (8th Cir. 2016). Here, the district court has presided over this matter since Wind's indictment in 2009. Its involvement has spanned multiple revocation proceedings. The district court had access to a presentence investigation report that detailed Wind's childhood circumstances, mental and emotional health, and cognitive abilities. Further, Wind admits that the district court was familiar with him and his general background. *See United States v. Lincoln*, 876 F.3d 1137, 1139 (8th Cir. 2017) (noting that the district court judge who presided over the defendant's initial sentencing and revocation sentencing was aware of the defendant's personal history and that buttressed the district court's decision). In sum, we are satisfied that the district court adequately considered Wind's intellectual disability when imposing the sentence.

Third, Wind contends that the district court's decision was based on a perceived obligation to impose a revocation prison term even though the court was presented with other recommendations for how to address Wind's intellectual

---

sentences available')." *United States v. Hall*, 931 F.3d 694, 696 n.2 (8th Cir. 2019). Wind does not argue that the district court impermissibly considered § 3553(a) factors not cited in § 3583(e). Therefore, he has waived this argument. *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1040 (8th Cir. 2015) ("Claims not raised in an opening brief are deemed waived.").

disabilities. Wind's argument is based on the district court's statement that it would "try to give [Wind] some stability in a way we can do it, the only way we can do it." Wind takes the district court's comment out of context. The district court expressly recognized that it could revoke, extend the term of, or modify the conditions of Wind's supervised release. In fact, the district court had tried the non-prison options in Wind's case previously and knew it could do so again. But the district court, recognizing that none of these options was working for Wind, chose to impose a revocation prison term because, based on Wind's history, it looked like the "only" option that might work. We conclude that the district court did not base its decision on the incorrect notion that it was obligated to impose a revocation prison term.

B.

Now we turn to Wind's argument about substantive reasonableness. He argues that the district court placed too much weight on his prior violations of supervised-release conditions. Wind concedes that "[i]n the generic case, a history of prior violations may well justify an above-Guidelines revocation term," *see, e.g.*, *United States v. Johnson*, 827 F.3d 740, 743-45 (8th Cir. 2016), but insists that this is not a generic case because of his intellectual disabilities. Wind concludes that the upward variance to 18 months' imprisonment from a guidelines range of 5 to 11 months' imprisonment was substantively unreasonable.

We conclude that "[t]here was no abuse of the district court's substantial sentencing discretion." *See United States v. Kocher*, 932 F.3d 661, 664 (8th Cir. 2019). "We have frequently upheld revocation sentences that varied upward from the advisory guidelines range because [the] defendant was a recidivist violator of supervised release conditions." *Id.* (internal quotation marks omitted); *see, e.g.*, *Johnson*, 827 F.3d at 743-45. Contrary to Wind's argument, his intellectual disabilities do not negate the relevance of his history of recidivism. *See United States v. Elodio-Benitez*, 672 F.3d 584, 585-86 (8th Cir. 2012) (affirming a decision in which the defendant's low intellectual functioning and mental-health problems did not negate the pertinence of his recidivist actions). "This is not 'the unusual case

-6-

when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" *Kocher*, 932 F.3d at 664 (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)).

## III.

For the foregoing reasons, we affirm Wind's sentence.

_____