# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3475
_____

United States of America

*Plaintiff - Appellee*

v.

Dameon Harris

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: June 13, 2022
Filed: June 30, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

In 2015, Dameon Harris pleaded guilty to possessing a firearm as a convicted felon and an unlawful drug user in violation of 18 U.S.C. § 922(g)(1) and (3) and was sentenced to a prison term followed by a term of supervised release. After completing his prison term, Harris violated the conditions of his supervised release. Accordingly, his supervised release was revoked, and he was sentenced to a new

prison term followed by another term of supervised release. After completing his second prison term, Harris again violated the conditions of his supervised release. His supervised release was again revoked, and he was sentenced to a third prison term followed by yet another term of supervised release. After completing his third prison term, Harris again violated the conditions of his supervised release. This time, his supervised release was not revoked but instead was modified to include additional conditions. A few months later, the Government sought further modifications based on additional violations. Prior to a hearing on the matter, a drug test indicated that Harris had used marijuana and lied to his probation officer—two more violations. The Government responded by replacing its request for modification of Harris's supervised release with a request for revocation.

At the revocation hearing, the district court[1] found that Harris had violated the conditions of his supervised release. After calculating an advisory sentencing guidelines range of 6 to 12 months' imprisonment, the district court imposed a sentence of 12 months' imprisonment with no term of supervised release to follow. Harris appeals, arguing that this sentence is substantively unreasonable.

We review for an abuse of discretion. *See United States v. Hall*, 931 F.3d 694, 696 (8th Cir. 2019). A revocation sentence should be sufficient but no greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors referenced in 18 U.S.C. § 3583(e). *See Holguin-Hernandez v. United States*, 589 U.S. ---, 140 S. Ct. 762, 765-66 (2020). The district court's discretion in weighing these factors is "wide." *United States v. Boelter*, 806 F.3d 1134, 1136 (8th Cir. 2015). Consequently, it is "unusual" for us to conclude that a revocation sentence is substantively unreasonable. *United States v. Woodard*, 675 F.3d 1147, 1152 (8th Cir. 2012).

"This is not the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *See United States v. Kocher*, 932 F.3d 661, 664 (8th

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Cir. 2019) (internal quotation marks omitted).  When a defendant has repeatedly violated the conditions of his supervised release, "the history and characteristics of the defendant," § 3553(a)(1), and the need "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), may weigh in favor of a substantial prison sentence.  *See, e.g.*, *United States v. Lacy*, 877 F.3d 790, 792 (8th Cir. 2017).  That is the case here, where Harris's numerous violations "showed he was not amenable to supervised release."  *See United States v. Smith*, 29 F.4th 397, 399 (8th Cir. 2022) (per curiam).  The district court did not abuse its discretion in imposing a within-guidelines revocation sentence of 12 months' imprisonment.  *See id.*; *Kocher*, 932 F.3d at 664 ("We have frequently upheld revocation sentences that varied upward from the advisory guidelines range because defendant was a recidivist violator of supervised release conditions." (internal quotation marks omitted)); *United States v. Johnson*, 827 F.3d 740, 745 (8th Cir. 2016) (concluding that a revocation sentence was substantively reasonable in part because of the defendant's "multiple [supervised-release] violation reports"); *United States v. Thunder*, 553 F.3d 605, 608-09 (8th Cir. 2009) (concluding that a revocation sentence was substantively reasonable in part because the defendant had "repeatedly violated the conditions of his supervised release").

Accordingly, we affirm Harris's revocation sentence.

_____