# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3061
_____

United States of America

*Plaintiff - Appellee*

v.

Tony B. Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 11, 2022
Filed: July 28, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

After Tony Thomas violated the conditions of supervised release, the district court[1] varied upward and sentenced him to 24 months in prison. *See* 18 U.S.C. § 3583(e)(3). Although he argues that the sentence is too long, we affirm.

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

We conclude that the sentence is substantively reasonable. *See United States v. Miller*, 557 F.3d 910, 915–16 (8th Cir. 2009) (reviewing the reasonableness of a revocation sentence for an abuse of discretion). The record establishes that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3583(e), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Among other things, it considered Thomas's mental-health problems and professed desire to change, but simply placed greater weight on his "pattern of noncompliant behavior" and the "seriousness of [his] offenses." *See United States v. Kocher*, 932 F.3d 661, 664 (8th Cir. 2019) (affirming an upward variance for a "recidivist violator of supervised[-]release conditions" (quotation marks omitted)). Just because Thomas would have weighed these factors differently does not mean the court abused its discretion. *See United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

We accordingly affirm the judgment of the district court.

_____