# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1577
_____

United States of America

*Plaintiff - Appellee*

v.

David Alan Bonish

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 19, 2022
Filed: November 10, 2022
[Unpublished]
_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.
_____

PER CURIAM.

David Alan Bonish pleaded guilty to possession of child pornography, served a sixty month prison sentence, and began 180 months of supervised release in November 2018. On January 28, 2022, the probation office petitioned to revoke supervised release, alleging three Grade C violations -- possession of pornography, frequenting an adult entertainment establishment, and internet use. Bonish stipulated

to committing all three violations. The Grade C violations, together with his Category III criminal history, resulted in an advisory guidelines revocation sentencing range of 5-11 months' imprisonment. See USSG § 7B1.4(a).

The district court[1] revoked supervised release and imposed a revocation sentence of two years imprisonment followed by fifteen years of supervised release. Bonish appeals, arguing that the sentence is substantively unreasonable and that the district court violated the rule in Tapia v. United States that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." 564 U.S. 319, 335 (2011). We review the substantive unreasonableness of a sentence, "whether within, above, or below the applicable Guidelines range," under a highly deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). Because Bonish failed to assert a Tapia objection at sentencing, we review that issue for plain error. See United States v. Blackmon, 662 F.3d 981, 986 (8th Cir. 2011). Applying these standards of review, we affirm.

**A. Substantive Reasonableness.** The sentencing record established that multiple incidents predated the three supervised release violations at issue. Bonish's supervised release commenced in November 2018. In April 2019, when Bonish admitted frequenting an adult entertainment establishment and possessing pornography, the district court modified his supervised release conditions to require GPS monitoring for 120 days. In November 2020, Bonish admitted to frequenting an adult entertainment establishment and possessing pornography. The court modified supervised release to require residing at a residential reentry center for up to 120 days. In March 2021, the court revoked supervised release and sentenced Bonish to six months' imprisonment followed by fifteen years of supervised release.

---

[1]The Honorable Stephanie M. Rose, Chief Judge of the United States District Court for the Southern District of Iowa.

Supervised release recommended on September 21, 2021; the probation office petitioned for revocation only four months later.

At the revocation hearing, the district court explained its decision, expressly taking into account the 18 U.S.C. § 3553(a) sentencing factors. The court weighed heavily the need to impose a sentence that affords adequate deterrence to criminal conduct and protects the public from further crimes. It found that Bonish "was nowhere near ready to be back out in society" and that "right now he is very dangerous to the community." On appeal, Bonish argues his two-year sentence is substantively unreasonable because the district court failed to properly weigh the § 3553(a) factors. Reviewing for abuse of discretion, we conclude the argument is without merit. On this record of repeated supervised release violations, the district court's careful consideration of the § 3553(a) factors was more than sufficient. We have repeatedly upheld revocation sentences that varied upward from the advisory guidelines range because of the defendant's repeated violations of supervised release conditions. See United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019). There was no abuse of the district court's substantial sentencing discretion.

**B. The Tapia Issue.** Bonish argues that the district court's reasoning in imposing an upward variance violated the rule in Tapia "because the Court believed that Bonish needed additional and meaningful sex offender treatment." We disagree. In Tapia, the sentencing court explicitly considered the length of a particular substance abuse program in determining an adequate sentence. See 564 U.S. at 334-335. Here, in the district court's explanation of its decision to impose an upward variance, "there was no suggestion that the court lengthened the sentence on account of this factor." United States v. Pickar, 666 F.3d 1167, 1169 (8th Cir. 2012). The court did note the need for sex offender treatment that Bonish had failed to complete in the past:

I hope that while he's in prison, the Bureau of Prisons will be able to get him back into that sex offender treatment programming and that he'll actually successfully complete it this time. I think that would be very key for him to be successful.

However, "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment . . . programs." <u>Tapia</u>, 564 U.S. at 334.

At the end of the revocation hearing, the court refrained from imposing a longer sentence to ensure Bonish's placement in a treatment program. When responding on the issue where to recommend placement by the Bureau of Prisons for treatment, Bonish said that at the BOP facility where he previously received sex offender treatment, "it does actually take more than two years to actually complete that program." Rather than increase the revocation sentence to permit completion of that program, which likely would be <u>Tapia</u> error, the court stated, "I'll recommend to the Bureau of Prisons that [Bonish] be able to participate in the sex offender treatment programming if it's available to him." There was no plain error.

The judgment of the district court is affirmed.

_____