# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3339
_____

United States of America

*Plaintiff - Appellee*

v.

Deshawn Michael Watson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 11, 2023
Filed: June 29, 2023
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

In November 2017, Deshawn Watson was sentenced to 33 months of imprisonment and three years of supervised release after he pled guilty to unlawfully possessing a firearm and ammunition as a convicted felon. He was released from custody in March 2020. In August 2022, the government filed a revocation petition alleging five violations of the conditions of his supervised release. In September

2022, the government filed an amendment to the revocation petition alleging an additional violation after Watson was arrested. In October 2022, the government filed a second amendment to the petition alleging three more violations after Watson violated a no-contact order. Before the scheduled revocation hearing, the parties agreed on a recommended sentence of five months of imprisonment. However, the evening prior to the hearing, Watson engaged in activity that suggested he had committed additional violations, and the government amended its position.

At the revocation hearing, Watson admitted to violating several conditions of his supervised release, including failing to reside at an approved residence, lying to his probation officer, failing to submit to urinalysis testing, and failing to follow the rules of his house arrest. Based on those violations, which were all Grade C offenses, and his Category II criminal history, the recommended sentencing range was four to ten months of imprisonment. The government asked for a ten-month sentence, which the district court[1] imposed.

On appeal, Watson challenges the substantive reasonableness of this sentence. "This court reviews the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Dixon*, 52 F.4th 731, 733 (8th Cir. 2022). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). "The district court has wide latitude" in weighing the statutory factors outlined in 18 U.S.C. § 3553(a). *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). A district court may exercise discretion in "assign[ing] some factors greater weight than others . . . ." *Id.*

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

Watson contends the revocation sentence was substantively unreasonable because the district court failed to give mitigating factors enough weight when reaching its sentencing decision. Namely, Watson claims the district court should have given greater weight to the following factors: (1) he had obtained a good job without the help of probation; (2) he had some successes in his treatment program; and (3) his violations were related to his struggles with alcohol and substance abuse. The record shows, however, the district court weighed these mitigating factors against the aggravating circumstances surrounding the revocation and concluded the multiple violations of Watson's supervised release warranted a top-of-the-Guidelines sentence.

The district court did not abuse its discretion. First, "a defendant's disagreement with the district court's balancing of relevant considerations" is not by itself grounds for reversal. *United States v. Campbell*, 986 F.3d 782, 800 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 751 (2022). Further, this circuit has "frequently upheld revocation sentences that varied upward from the advisory guidelines range because defendant was a 'recidivist violator' of supervised release conditions." *United States v. Kocher*, 932 F.3d 661, 664 (8th Cir. 2019); *accord United States v. Johnson*, 827 F.3d 740, 745 (8th Cir. 2016) (concluding a revocation sentence was substantively reasonable due in part to the defendant's "multiple violation reports").

Considering Watson's repeated violations of his supervised release, we conclude the district court's imposition of a sentence at the top of the Guidelines range was not substantively unreasonable. The fact that his mitigating factors were not given "as much 'weight' as [Watson] would have preferred does not justify reversal . . . ." *Bridges*, 569 F.3d at 379.

Accordingly, we affirm the district court's judgment.

_____