# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1249

_____

United States of America

*Plaintiff - Appellee*

v.

Napoleon Alexander Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: August 26, 2025
Filed: August 29, 2025
[Unpublished]

_____

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Napoleon Jackson appeals after the district court[1] revoked his supervised release for the second time. His counsel has moved to withdraw and has filed a brief

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

challenging the substantive reasonableness of the sentence. In a pro se filing, Jackson raises procedural challenges and contests the reasonableness of the sentence.

Having carefully reviewed the record, we conclude that the district court did not plainly err when calculating the revocation Guidelines range. See, e.g., United States v. Cotton, 108 F.4th 987, 988-91 (7th Cir. 2024), cert. denied, 145 S. Ct. 1214 (2025). We further conclude that the sentence is not substantively unreasonable, as the court sufficiently considered the applicable statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. See 18 U.S.C. §§ 3553(a), 3583(e)(3); United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (reviewing revocation sentence under deferential abuse-of-discretion standard). The court considered Jackson's mitigating factors, see United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012), and did not abuse its wide discretion by giving greater weight to aggravating factors, see United States v. Pratt, 142 F.4th 1090, 1094-95 (8th Cir. 2025), or by declining to impose a lower sentence due to changes in the law, see United States v. Mays, 967 F.3d 748, 754 (8th Cir. 2020).

Finally, Jackson suffered no prejudice relating to the character letters that the court read and considered at the revocation hearing, see Miller, 557 F.3d at 916; he cannot use the revocation proceedings to collaterally attack his state convictions, see 28 U.S.C. § 2254; the court acted within its discretion by running his revocation prison sentence consecutively to his state court sentence, see 18 U.S.C. § 3584(a)-(b); United States v. Johnson, 827 F.3d 740, 745 (8th Cir. 2016); and the new supervised-release term was not an additional punishment, see United States v. Watters, 947 F.3d 493, 496-97 (8th Cir. 2020).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____