# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1405
_____

United States of America

*Plaintiff - Appellee*

v.

Quentin Latrel Hall

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2016
Filed: June 6, 2016

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

On December 18, 2009, Quentin Hall was stopped for traffic violations. Hall fled from police, leading the officers on a high speed chase, and was eventually arrested and found in possession of drugs and a firearm. At the time, he was on probation in Missouri for possession of a controlled substance. He was taken into state custody and charged in Missouri state court with a probation violation, assault

on a law enforcement officer, armed criminal action, possession of a controlled substance, resisting arrest, unlawful use of a firearm, and driving while revoked.

Based on these same events, Hall was also indicted in federal court for being a felon in possession of a firearm. Before any of the state charges were resolved, Hall was transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum. Hall then pleaded guilty to the federal firearm charge. Based on an offense level of 19 and a criminal history category of VI, the applicable Guidelines sentencing range was 63–71 months' imprisonment. At sentencing on May 13, 2011, the district court[1] varied upward from this range, and imposed a sentence of 90 months' imprisonment. The district court also declined to order that the sentence run concurrently to any sentences imposed by the state court as a result of the then-pending charges.

Hall returned to state custody and, less than two weeks later, on May 24, 2011, was sentenced on the related Missouri state charges, including the probation violation. The Missouri state court ordered that all of the state sentences be served concurrently to each other and to the recently imposed federal sentence. Hall timely appealed his federal sentencing, challenging first, the district court's imposition of an above-Guidelines sentence, and second, the district court's refusal to order that the federal sentence run concurrently to state sentences.

We review the district court's sentencing decisions for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of

---

[1]The Honorable Rodney W. Sippel, Chief Judge, United States District Court for the Eastern District of Missouri.

judgment in weighing those factors." United States v. Miner, 544 F.3d 930, 932 (8th Cir. 2008). Here, the district court cited Hall's extensive criminal history and the circumstances of the offense as reasons for the above-Guidelines sentence, stating that "[t]he lack of respect for law enforcement, the lack of respect for others, the lack of respect for the law generally, compel me to find that an upward departure[2] is appropriate . . . ." These are appropriate factors to consider when making a sentencing decision, and the record shows that the district court did not fail to consider any other relevant and significant factor. Moreover, the mere fact that the court could have weighed the sentencing factors differently does not amount to an abuse of discretion. United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012) ("[A] sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence" (quotations and citations omitted) (alteration in original)). The district court therefore did not abuse its discretion in imposing an above-Guidelines sentence of 90 months' imprisonment.

Hall also argues the district court failed to offer sufficient explanation for denying his request to order his federal sentence to run concurrently with his yet-to-be-imposed state sentence. A district court has discretion to determine whether a federal sentence should run concurrently with or consecutively to an anticipated state sentence. See Setser v. United States, 132 S. Ct. 1463, 1468 (2012). At sentencing, the district court recognized that because Hall was in state custody, "[h]is time is accruing against his state court time, not his federal time." The court then stated it was unwilling to impose a concurrent sentence because of the possibility that a relatively short state sentence could result in Hall serving too little time in prison. The court recognized its discretion to order that the sentence run concurrently, and

---

[2]Though the district court referred to its action as a departure, the government did not move for an upward departure under the Guidelines. The record shows that the district court in fact varied upward from the applicable Guidelines sentencing range.

simply declined to exercise that discretion for the specific reasons explained at sentencing.[3] Given this explanation, and the district court's adequate consideration of the § 3553(a) sentencing factors, the court did not abuse its discretion in deferring to the state court and declining to order that the sentences be served concurrently. See United States v. Winston, 456 F.3d 861, 868 (8th Cir. 2006).

The judgment of the district court is affirmed.

_____

[3]Hall argues that by declining to specifically order whether the sentence should run concurrently or consecutively, the district court effectively ordered that the sentence run consecutively. This distinction is immaterial here, because the district court sufficiently explained its unwillingness to order a concurrent sentence given the uncertainty of the anticipated state court sentences. Cf. Setser, 132 S. Ct. at 1468 (a district court has discretion to order that a federal sentence run consecutively to a not-yet-imposed state sentence).