# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2717
_____

United States of America

*Plaintiff - Appellee*

v.

Juan Juarez-Colmenero

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: May 10, 2021
Filed: June 25, 2021
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Juan Juarez-Colmenero pleaded guilty to being an illegal alien in possession of a firearm, 18 U.S.C. §§ 922(g)(5) and 924(a)(2), and was sentenced to 84 months

in prison. He appeals, arguing the district court[1] imposed a substantively unreasonable sentence. We affirm.

Juarez-Colmenero was arrested after police discovered drugs, drug paraphernalia, and two guns in his car. One of those guns had a defaced serial number and a magazine that could hold 16 rounds. He pleaded guilty to being an illegal alien in possession of a firearm, and the U.S. Probation Office assessed him a total offense level of 25, yielding an advisory Guidelines range of 84 to 105 months. The district court sentenced him to 84 months in prison.

Juarez-Colmenero argues that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors and imposing a bottom-of-the-Guidelines sentence. He says the district court should have varied downward because his offense was non-violent, he had not previously served time in prison, and his 16-round magazine put him just over the threshold for an enhancement under § 2K2.1(a)(4)(B)(I). He also argues the advisory Guidelines range is better suited to those with histories of violent felonies, which he does not have. Finally, he says there is no need to protect the public because he promised not to illegally reenter the United States.

We review sentences first for procedural error and, finding no error, for substantive unreasonableness under "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). Juarez-Colmenero does not argue procedural error, so we will only address substantive unreasonableness. We presume Juarez-Colmenero's within-Guidelines sentence was reasonable. See United States v. Harris, 964 F.3d 718, 725 (8th Cir. 2020).

---

[1]The Honorable Roseann Ketchmark, United States District Judge for the Western District of Missouri.

We find no clear error of judgment in the district court's weighing of the § 3553(a) factors.  See United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).  The record reflects that the district court considered all of the factors and responded to each of Juarez-Colmenero's arguments, even acknowledging that he persuaded the court to impose a bottom-of-the-Guidelines sentence.  "The mere fact that the court could have weighed the sentencing factors differently does not amount to an abuse of discretion."  United States v. Hall, 825 F.3d 373, 375 (8th Cir. 2016).  The district court did not abuse its discretion.

The judgment of the district court is affirmed.

_____