# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1272
_____

United States of America

*Plaintiff - Appellee*

v.

Patrick James Cavanaugh

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: January 10, 2022
Filed: March 10, 2022
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.


Patrick Cavanaugh, who pleaded guilty to assaulting his girlfriend, received a 36-month prison sentence. *See* 18 U.S.C. § 113(a)(7) (criminalizing assault resulting in substantial bodily injury when the victim is an "intimate" or "dating"

partner). He argues that the sentence, which the district court[1] imposed after varying upward, is procedurally and substantively flawed.

We first conclude that there was no procedural error, plain or otherwise. *See United States v. Becerra*, 958 F.3d 725, 731 (8th Cir. 2020) (reviewing a sentencing challenge raised for the first time on appeal for plain error). Although the district court discussed placing him in a drug-treatment program in prison, it "never expresse[d] an intention to lengthen [his] sentence for rehabilitative purposes." *United States v. Werlein*, 664 F.3d 1143, 1147 (8th Cir. 2011) (quotation marks omitted) (explaining that "a district court 'commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs'" (quoting *United States v. Tapia*, 564 U.S. 319, 334 (2011)).

Nor is the sentence substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion). The record establishes that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Indeed, the court considered a host of factors, both mitigating and aggravating, and decided that an upward variance was appropriate. Just because Cavanaugh would have weighed the factors differently does not mean the court abused its discretion. *See United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

We accordingly affirm the judgment of the district court.

_____

_____

[1]The Honorable Peter D. Welte, United States District Judge for the District of North Dakota.