# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1940
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel D. Nelson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Joplin
_____

Submitted: March 08, 2022
Filed: March 11, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Samuel D. Nelson appeals after he pled guilty to wire fraud and aggravated identity theft, and the district court[1] imposed an aggregate prison sentence to run consecutively to a state sentence for an offense that was not relevant conduct to this

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

offense. *See* USSG § 5G1.3. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Nelson does not dispute that the district court had discretion to impose his federal sentence consecutively to his undischarged state sentences. *See* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."). Rather, he asserts that the decision to run the sentence consecutively to his undischarged state sentences was substantively unreasonable because the district court gave insufficient weight to the fact that he would not receive federal credit for the time he spent in temporary federal custody prior to being sentenced.

The district court did not abuse its discretion in ordering Nelson's federal sentence to run consecutively to his undischarged state sentences. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (standard of review). The record reflects that the district court recognized its discretion to order the sentences to run concurrently, considered the 18 U.S.C. § 3553(a) factors and Nelson's argument in favor of running his federal sentence concurrently, and exercised its discretion to order that the sentence run consecutively. *See id.* at 461-62 (abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); *United States v. McDonald*, 521 F.3d 975, 980 (8th Cir. 2008) (district court has "wide discretion" to order sentence to be served consecutively to undischarged sentence); *see also United States v. Hall*, 825 F.3d 373, 376 (8th Cir. 2016) (no abuse of discretion where district court considered § 3553(a) factors and recognized its discretion to run sentences concurrently but declined to do so).

The judgment of the district court is affirmed.

_____