# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2302
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Lee Scheper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: March 14, 2022
Filed: April 29, 2022
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Joshua Scheper, who pleaded guilty to making false statements while purchasing a firearm, received a 30-month prison sentence. *See* 18 U.S.C. § 924(a)(1)(A). Although he claims that the sentence is procedurally flawed and substantively unreasonable, we affirm.

There is no procedural error because the evidence supports the district court's[1] finding that Scheper "engaged in the trafficking of firearms." U.S.S.G. § 2K2.1(b)(5) (providing for a four-level enhancement). After all, he sold firearms for as much as twice their value, which alone should have given him "reason to believe" that his buyers could not have legally purchased them from elsewhere. *Id.* § 2K2.1 cmt. n.13(A) (noting that the firearms-trafficking enhancement applies when the defendant "knew or had reason to believe that such conduct would result in the . . . transfer . . . of a firearm to an individual . . . whose possession or receipt of a firearm would be unlawful"). On clear-error review, this is enough, particularly when the guns "end[ed] up in the hands of felons, drug dealers, and persons in possession of narcotics." *See United States v. Lomax*, 910 F.3d 1068, 1069–70 (8th Cir. 2018) (explaining the standard of review).

The overall sentence is also substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion). The record establishes that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Just because Scheper would have weighed certain factors differently does not mean the court abused its discretion. *See United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

We accordingly affirm the judgment of the district court.

———————————————

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa, now retired.