# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3167
_____

United States of America

*Plaintiff - Appellee*

v.

Amanda Orozco

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: March 14, 2022
Filed: May 23, 2022
[Unpublished]
_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

After Amanda Orozco violated the conditions of supervised release, the district court[1] sentenced her to 18 months in prison. *See* 18 U.S.C. § 3583(e)(3). Although she argues that the sentence is procedurally and substantively flawed, we affirm.

_____

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

First, there was no procedural error. *See United States v. Becerra*, 958 F.3d 725, 731 (8th Cir. 2020) (reviewing a sentencing challenge raised for the first time on appeal for plain error); *United States v. Miller*, 557 F.3d 910, 915–916 (8th Cir. 2009) ("We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions."). Orozco argues that the district court relied on an allegedly mistaken belief that she was selling drugs out of a motel room while on supervised release. *See United States v. Gall*, 552 U.S. 38, 51 (2007) (explaining that it is procedural error to "select[] a sentence based on clearly erroneous facts"). But our review of the record reveals otherwise. Although the court had a number of reasons for varying upward to 18 months, drug dealing was not one of them.

Second, the sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the substantive reasonableness of a sentence for an abuse of discretion). The record establishes that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3583(e), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Just because Orozco would have weighed the factors differently does not mean the court abused its discretion. *See United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

We accordingly affirm the judgment of the district court.

_____