# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2138
_____

United States of America

*Plaintiff - Appellee*

v.

John Willis Netherton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 12, 2022
Filed: August 15, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

John Netherton received a 260-month sentence after he pleaded guilty to conspiracy to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Although he argues that the sentence is procedurally and substantively flawed, we affirm.

We first conclude that there was no procedural error, plain or otherwise. *See United States v. Becerra*, 958 F.3d 725, 731 (8th Cir. 2020) (reviewing a sentencing challenge raised for the first time on appeal for plain error). The district court[1] did say that Netherton needed quite a bit of "care[,] treatment[,] and training," but it "never expresse[d] an intention to lengthen [his] sentence for rehabilitative purposes." *United States v. Werlein*, 664 F.3d 1143, 1147 (8th Cir. 2011) (quotation marks omitted) (explaining that "a district court 'commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs'" (quoting *Tapia v. United States*, 564 U.S. 319, 334 (2011)). Indeed, the possibility of "substance abuse treatment" came up only after the court had already announced his sentence. *See id*.

We also conclude that the sentence is substantively reasonable. The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), including various mitigating factors. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Among them were a history of "substance abuse," a "violent and dysfunctional childhood," and "posttraumatic stress," each of which factored into the 100-month *downward* variance he received. *See United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (recognizing that "it is nearly inconceivable that" once a district court has varied downward, it "abuse[s] its discretion [by] not varying downward [even] further" (citation omitted)). Just because Netherton thinks that the variance should have been even larger does not mean the court abused its discretion. *See id*.; *United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam).

We accordingly affirm the judgment of the district court.

_____

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.