# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1503
_____

United States of America

*Plaintiff - Appellee*

v.

Deterrius Wilson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 9, 2023
Filed: May 4, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Deterrius Wilson pleaded guilty to being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1). He had a state suspended sentence, and because of his federal charges, his suspended sentence was revoked. The state court sentenced him to 480 months in prison. The district court[1] then sentenced him to a within-Guidelines 120

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

months in prison, with 96 months to run consecutively to his state sentence. The court also imposed a special condition: that Wilson participate in substance abuse treatment. Wilson challenges the reasonableness of his sentence and the special condition. We affirm.

Wilson does not appear to challenge the length of his sentence, only that it runs partially consecutive to his state sentence. In deciding whether to impose a concurrent or consecutive sentence, the district court must consider the § 3553(a) sentencing factors. 18 U.S.C. § 3584(b). Plus, Application Note 4(A) to § 5G1.3 instructs the court to consider various factors related to the undischarged sentence, and any other circumstance relevant to the determination of an appropriate sentence. U.S.S.G § 5G1.3, cmt. n.4(A). Wilson argues that his sentence is unreasonable because the district court failed to consider and properly weigh these factors. We review the reasonableness of a sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) ("A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (citation omitted)).

After hearing argument on whether to run the sentences consecutively or concurrently, the district court noted that it considered the § 3553(a) factors. See United States v. Hall, 825 F.3d 373, 376 (8th Cir. 2016) (holding that there was no abuse of discretion where district court considered § 3553(a) factors and recognized its discretion to run sentences concurrently but declined to do so). Although the court did not recite the Application Note 4(A) factors, the record shows that it considered them. The court was aware of the type and length of the undischarged sentence, the time served on the undischarged sentence and the time likely to be served before release, and the fact that the undischarged sentence was imposed in state court. See U.S.S.G § 5G1.3, cmt. n.4(A); United States v. Lomeli, 596 F.3d 496, 505 (8th Cir. 2010) (noting that the district court's awareness of the details involving the state sentence is all that is required under the Guidelines).

Wilson further argues that the district court did not adequately weigh his mitigating factors, like his troubled childhood, his lack of familial support, and the loss of his parents. The court heard testimony from a mitigation expert and told Wilson that it understood his "childhood was not the best." Sentencing Tr. 155. Ultimately, the court reasoned that Wilson should serve some time in addition to his state sentence. The district court's decision to give more weight to factors other than Wilson's mitigating circumstances was not an abuse of discretion. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (explaining that judges have "wide latitude . . . in weighing relevant factors" (citation omitted)).

We next consider Wilson's argument that the district court erred in requiring him to participate in a substance abuse treatment program. Wilson did not object below, so we review for plain error. United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003).

Wilson argues that the district court failed to "make an individualized inquiry into the facts and circumstances underlying [his] case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements." United States v. Sterling, 959 F.3d 855, 861 (8th Cir. 2020) (citation omitted). Although the court did not make individualized findings, "reversal is not required . . . if the basis for the imposed condition can be discerned from the record." Id. (cleaned up). According to the record, Wilson has had several drug-related convictions. These convictions indicate that he has continuing problems with substance abuse related to his criminal activity. Because substance abuse treatment is supported by the record, the district court did not plainly err.

We affirm Wilson's sentence.

_____