# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1113

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lewis W. Paraham, III

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: October 16, 2023
Filed: March 4, 2024
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

After Lewis W. Paraham, III pleaded guilty to a firearm offense, the district court[1] sentenced him to 102 months of imprisonment. Paraham appeals, arguing the

———————————————

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

length of his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Paraham was charged in a three-count indictment. Pursuant to a plea agreement, he pleaded guilty to Count 1, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).[2] As part of the agreement, the parties also stipulated that neither would request a variance above or below the applicable Guidelines range. See Fed. R. Crim. P. 11(c)(1)(A), (B). During the change of plea hearing, the district court reminded the parties that the Plea Agreement was not binding on the court and that the court had discretion to sentence Paraham below or above the advisory Guidelines range, including "all of the way to the [120-month] statutory maximum."

At sentencing, the parties agreed that Paraham's advisory range was 37 to 46 months of imprisonment. The district court found it "very odd" that the calculated range was so low because Paraham was convicted of violent felonies in 1991 and 1992 at the age of nineteen, including the use of a firearm during a robbery, and the use of a firearm to kidnap and rape a minor. Since then, he was also convicted of unlawful possession of a firearm, failure to register as a sex offender, attempting to use counterfeit currency, and possession of controlled substances. In response, the government explained that its recommendation of a 46-month sentence was "easily justified" by the facts in the record. Paraham also recommended a within-Guidelines sentence. But he highlighted mitigating factors such as the lengthy prison term he served for his 1991 and 1992 felonies, the nonviolent nature of his offenses from

---

[2]Count 2 charged Paraham with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and Count 3 charged him with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to the Plea Agreement, the government agreed to dismiss Counts 2 and 3 "upon acceptance of the guilty plea."

that point forward, his reduced likelihood of violence as a now-fifty-year-old man, and his drug addiction.

After a brief recess, the district court imposed an above-range sentence of 102 months. The court concluded that the calculated Guidelines range did not sufficiently account for Paraham's history and characteristics or his need for a longer sentence. Of particular concern to the court was Paraham's pattern of criminal behavior despite multiple terms of imprisonment, his violent offenses involving the use of firearms, his lack of respect for the law, his need for specific deterrence, and the need to protect the public. The court concluded that a sentence of 102 months was "sufficient but no more than necessary" under 18 U.S.C. § 3553(a) to achieve the purposes of sentencing. Paraham appeals his sentence.

## II.

"We review the substantive reasonableness of a sentence using a deferential abuse of discretion standard." United States v. DaCruz-Mendes, 970 F.3d 904, 909 (8th Cir. 2020) (citing United States v. Mitchell, 914 F.3d 581, 587 (8th Cir. 2019)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations and citation omitted).

As we have recognized, "[a] district court may vary upward from the [G]uideline[s] range if the extent of the deviation is supported by the . . . § 3553(a) factors." United States v. Drew, 9 F.4th 718, 725 (8th Cir. 2021) (quoting United States v. Martinez, 821 F.3d 984, 989 (8th Cir. 2016)). However, when it decides to do so, the court "must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Feemster, 572 F.3d at 461 (quoting Gall v. United States, 552 U.S. 38, 50 (2007));

-3-

e.g., United States v. Hall, 825 F.3d 373, 375 (8th Cir. 2016) (concluding that the weight given to the defendant's "extensive criminal history" in varying above the Guidelines was a reasonable exercise of discretion). "[T]he mere fact that the court could have weighed the sentencing factors differently does not amount to an abuse of discretion." Hall, 825 F.3d at 375 (citing United States v. Gasaway, 684 F.3d 804, 808 (8th Cir. 2012)).

Paraham argues that the district court abused its discretion by giving undue weight to his criminal history. See 18 U.S.C. § 3553(a)(1). He asserts that his Guidelines range already factored in his criminal record, and that the district court's reliance on this factor cannot support the weight of such a substantial upward variance.

The district court provided a sufficiently compelling reason for the sentence imposed. See Feemster, 572 F.3d at 461. It considered the parties' sentencing recommendations but exercised its discretion to weigh the § 3553(a) factors differently than the parties, expressing concern about Paraham's repeated criminal conduct. Paraham's prior violent convictions, which the court addressed at length, were not considered in calculating his advisory range due to their age. See United States Sentencing Guidelines (USSG) § 4A1.2(e) (2021). When explaining its sentencing decision, the court expressly relied on the need to promote respect for the law, afford specific deterrence to avoid recidivism, and protect the public. See § 3553(a)(2)(A), (B), (C). The district court took into account Paraham's criminal history, but it did so alongside careful consideration of these other relevant factors, which "are appropriate factors to consider when making a sentencing decision." Hall, 825 F.3d at 375. We discern no abuse of discretion in the court's weighing of appropriate factors to reach a sentence that is "sufficient, but not greater than necessary" to meet the goals of sentencing under § 3553(a).

We affirm the judgment of the district court.

_____